OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, *713 without costs, by reinstating the complaint as against defendants Wetanson, Civin and Epstein and, as so modified, affirmed.
In March 1983, approximately two years after commencing this action for breach of oral partnership agreements and conspiracy, plaintiff began a flurry of discovery by securing the depositions of defendants Epstein and Vilca and serving upon defendants a set of interrogatories and a notice to produce documents. After some 14 months of defendants’ unsuccessful efforts to secure disclosure from plaintiff, and after a court order compelling plaintiff to answer defendant Vilca’s interrogatories, Special Term dismissed the complaint, pursuant to CPLR 3126, as against all four defendants. The Appellate Division affirmed, without opinion.
Dismissal of the complaint as against defendant Vilca for plaintiff’s failure to answer the interrogatories was well within Special Term’s discretion. The record supports Special Term’s determination that plaintiff, through delays and other strategies, engaged in a course of conduct designed to yield one-sided disclosure in his favor, culminating in his disregard of an order compelling him to answer defendant Vilca’s interrogatories, which were found to be relevant and appropriate (cf. Fellner v Texas Mexican Ry. Co., 76 AD2d 820; Commissioners of State Ins. Fund v News World Communications, 74 AD2d 765). Where a party in these circumstances disobeys a court order and by his conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 571-572; Laverne v Incorporated Vil. of Laurel Hollow, 18 NY2d 635, 637-638; Battaglia v Hofmeister, 100 AD2d 833, 834; see, CPLR 3103 [a]; Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406-407).
Dismissal of the complaint as against the remaining three defendants, however, was an abuse of discretion. Although similarly affected by plaintiff’s actions, these defendants never sought an order compelling disclosure and Special Term made no ruling that material sought by these defendants “ought to have been disclosed” (CPLR 3126). In fact, Special Term had viewed disclosure with respect to these three defendants as *714 stayed by virtue of CPLR 3214 (b). The complaint should therefore be reinstated as to these defendants.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.