■ HANS HOMBURGER, Respondent, v LAZAR LEVITIN et al., Appellants, et al., Defendant.—In an action, *inter alia,* for an accounting, the defendants Lazar Levitin and Ocean Parkway Medical Building (hereinafter OPMB), a limited partnership, appeal from (1) an order and judgment of the Supreme Court, Kings County (Held, J.), dated September 5, 1986, which, *inter alia,* granted the plaintiff an accounting and an injunction permanently restraining the appellant Levitin from managing OPMB and directed the striking of the appellants' answer and the removal of Levitin as general partner of OPMB without prejudice to the appointment of the plaintiff Hans Homburger as general partner, and (2) an order of the same court, dated October 23, 1986, which denied the appellants' motion for reargument.

Ordered that the order dated September 5, 1986, is affirmed; and it is further,

Ordered that the appeal from the order dated October 23, 1986, is dismissed, as no appeal lies from an order denying reargument (see, *Alessi v County of Nassau,* 100 AD2d 561); and it is further,

Ordered that the respondent is awarded one bill of costs.

In May 1980 the appellant Levitin and the plaintiff Homburger entered into a limited partnership agreement creating OPMB, pursuant to which Levitin was the sole general partner and Homburger was a limited partner. The purpose of the partnership was "to renovate, improve, partition, rent and sublease the Leased Premises". Levitin as general partner, was responsible for the management of the partnership's business and the completion of the renovations.

In 1981 OPMB commenced a malpractice action against its former architect, Ronald D. Goodman, and, in May 1983 was awarded a judgment in the principal sum of $456,000.

Levitin's failure to accede to the plaintiff's requests to be permitted to inspect the partnership records and to be pro-

vided with information relative to OPMB's financial affairs prompted Homburger to institute this action, alleging, *inter alia*, that Levitin had misappropriated partnership assets and that "a substantial sum of money was paid to Defendant Levitin on account of the partnership in settlement of [the *Goodman* case] and the Defendant Levitin never had deposited said sum in Accounts of the Partnership as he was required to do". The plaintiff sought, *inter alia*, an accounting, the appointment of a receiver and an injunction restraining Levitin from managing the property of the partnership.

In July 1984 the plaintiff served upon Levitin a notice for discovery and inspection seeking, *inter alia*, in item 21, the disclosure of "[a]ll records reflecting the receipt and expenditure of any monies by Lazar Levitin and/or Ocean Parkway Medical Building in connection with an action in this Court entitled Ocean Parkway Medical Building, plaintiff, against Ronald D. Goodman, defendant".

Levitin failed to comply with the demand and, by order dated October 4, 1984 (Scholnick, J.), he was directed to comply with the aforenoted portion of the notice. These materials were not produced and the plaintiff obtained a further order dated January 11, 1985 (Bernstein, J.), which again directed Levitin to furnish these records.

This court, by order dated November 12, 1985, subsequently affirmed the October 1984 order *(Homburger v Levitin,* 114 AD2d 885).

Levitin again failed to provide the documents, despite having been advised by the plaintiff that his continued noncompliance would result in a motion for leave to enter a default judgment. By notice of motion dated November 29, 1985, the plaintiff moved pursuant to CPLR 3126, for an order striking the appellants' answer on the ground that Levitin had willfully failed to obey outstanding court orders and directing the entry of a judgment by default. Although a significant amount of time had elapsed since Levitin was first ordered to supply the materials in question, he nevertheless failed to disclose what efforts, if any, were expended in attempting to furnish them.

In an order dated January 27, 1986, the court (Held, J.), directed the production of the documents on or before February 14, 1986. The appellants thereafter produced numerous documents, purportedly in compliance with the prior orders, but did not provide the materials relative to item 21.

Accordingly, in May of 1986, the plaintiff moved once again

for leave to enter a default judgment based upon the failure of adequate disclosure. Levitin responded that he "never refused to disclose anything in connection with this item * * * some documents related to this demand have been already released. The rest will be available for production immediately after they are located". By order dated June 18, 1986, Justice Held again directed Levitin to fully disclose the information within 30 days or "suffer such sanctions as may be requested".

Levitin thereafter submitted a letter to the plaintiff which set forth an explanation as to the disposition of the proceeds of the judgment in the malpractice action. Levitin maintained that he had no further material to produce, having already furnished the plaintiff with *"thousand and thousands* of other documents".

Unsatisfied with Levitin's failure to provide documentary confirmation of the alleged expenditures, the plaintiff, in July 1986 again moved to strike the appellants' answer and for a judgment by default. Upon oral argument of the motion, the court (Held, J.), conditionally granted the plaintiff's motion to strike the answer unless Levitin complied with the prior orders within 20 days or provided an affidavit explaining in detail the failure to provide the requested documentation. The court observed that "[t]his is probably the thickest, heaviest file in the courthouse [having] a history of motion after motion and appeal after appeal" and concluded that "any Judge's patience would be exhausted at this point".

Levitin then furnished an affidavit to the plaintiff, once again providing generalized, undocumented and, therefore, inadequate explanations as to the disposition of the funds.

The plaintiff thereafter submitted a proposed judgment and affidavits in support thereof, citing Levitin's willful noncompliance with the prior orders, to which Levitin duly responded.

In an order dated September 5, 1986, the court (Held, J.), granted the plaintiff's motion.

The striking of the appellants' answer was clearly within the broad discretion of the trial court *(see, Zletz v Wetanson,* 67 NY2d 711). Levitin engaged in conduct which was deliberately dilatory, evasive and obstructive with respect to the plaintiff's discovery rights and marked by an inexactitude which operated to frustrate disclosure. Such willful and contumacious conduct warrants the imposition of such a harsh sanction *(see,* CPLR 3126; *Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548; *Anteri v NRS Constr. Corp.,* 117 AD2d 696). The absence of an express

determination by the court that the appellants' noncompliance was deliberate does not detract from the validity of the order; the record clearly supports the inference that the conduct was willful and that the court so concluded *(see, Henderson v Stilwell,* 116 AD2d 861, 863, *lv denied* 68 NY2d 606).

The appellants' challenge to the elevation of Homburger, who was, pursuant to the agreement, a limited partner, to the status of general partner in Levitin's stead, is without merit. The principal asset of the partnership, the long-term lease on the building which OPMB operates, was subject to termination at the option of the lessor upon the appointment of a receiver, which appointment initially had been requested by the plaintiff. The court properly exercised its discretion in fashioning the relief that it did in order to preserve the leasehold *(see, Greer v Greer,* 124 AD2d 707).

We have examined the remainder of the appellants' contentions and find them to be without merit. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.