■ ROSE STAFFORD, Appellant, v INTERSTATE UNITED MANAGEMENT SERVICES CORP. et al., Respondents.—Order of the Supreme Court, New York County (Walter Schackman, J.), entered July 29, 1986, denying plaintiff's motion to vacate a prior order dismissing her complaint, unanimously reversed on the law, the facts and in the exercise of discretion, the motion granted and the complaint reinstated, without costs.

After experiencing difficulty in obtaining plaintiff's compli-

ance with certain of its discovery demands, defendant moved pursuant to CPLR 3124 for an order directing plaintiff to comply with outstanding discovery demands or be precluded from offering evidence in support of her claims. Plaintiff's counsel's request for a short adjournment of the motion was refused by defendant and the attempt by plaintiff's counsel to submit a consent to a 60-day order of preclusion was the alleged casualty of clerical error. Plaintiff defaulted upon the motion. Thereafter, the court granted defendant's motion by default "to the extent of dismissing the complaint." Plaintiff moved to vacate the default, which motion was denied in the order here appealed even though the motion to vacate was never timely opposed.

In denying the motion, the court incorrectly noted that plaintiff should have appealed directly from the order dismissing the complaint. Plaintiff could not have done so since no appeal lies from an order entered on default (CPLR 5511).

The court, moreover, should have granted the motion to vacate the default. Even if unanswered, defendant's motion, pursuant to CPLR 3124, requesting no more than preclusion should not have resulted in the dismissal of the complaint when plaintiff was not in violation of any court order (see, Zletz v Wetanson, 67 NY2d 711, 713; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3124:6, at 632).

We note that it would have been a simple matter for defendant's counsel to consent to a short adjournment of their preclusion motion. Such courtesy would have been particularly appropriate in view of the fact that plaintiff had earlier stipulated, after defendant's default in answering the complaint, to allow defendant additional time to respond.

Under all the circumstances we think that the proper course is to vacate plaintiff's default and permit her her day in court. Concur—Murphy, P. J., Kupferman, Kassal, Ellerin and Smith, JJ.