Kaye, J.
(concurring): The dissent acknowledges that it "is possible to construe the language of CPLR 3406 strictly, as the majority has, and deny the court power to dismiss for failure to timely file the 60-day notice, but when the history and the structure of the legislation are considered it is difficult to see why anyone would think it necessary or desirable to do so.” (Dissenting opn, at 15-16.) In addition to the grounds set forth in the court’s opinion — in which I concur fully — these are the further reasons that lead me to conclude that it is both necessary and desirable to read CPLR 3406 (a) as it is written, rather than to imply a dismissal power not found in the statute.
As in any case of statutory interpretation, the first stop must be the statute itself. CPLR 3406 (b) (referring to precalendar conferences) specifically includes as a sanction "dismissal of an action,” but CPLR 3406 (a) (referring to filing of medical malpractice notices) significantly does not. No better illustration can be found than the history of CPLR 2005 for the proposition that the power to dismiss actions for "law office failure” — even when so fundamental a document as a pleading is involved — is not to be lightly implied (see generally, 2A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 2005.01, 2005.02; Comment, Law Office Failure: The Need for a Definition After Barasch and Eaton, 47 Albany L Rev 826 [1983]). Given that history, the dismissal power should not now be implied for failure to file a medical malpractice notice on time.
However inexcusable the attorney’s "law office failure” may appear, the fact remains that dismissal of the action for failure to file a timely notice penalizes not the attorney but the plaintiff, who is denied any opportunity to prove her allegations that defendant’s negligence caused her child’s death; attorney malpractice actions are no substitute. It is sometimes necessary for a court to terminate a litigant’s case before any evaluation of the merits of the complaint, but that extreme sanction should be invoked "only under constraint of justifying circumstances.” (Sortino v Fisher, 20 AD2d 25, 28 [Breitel, J. P.].) Where the Legislature has not plainly autho *14 rized dismissal, and where there has been no violation of a court direction to file the notice, I cannot find the requisite justifying circumstances for dismissal of plaintiffs complaint.
This hardly leaves courts powerless to deal with the systemic problems engendered by stale and meritless medical malpractice claims, and by attorneys’ habitual failure to discharge their professional obligations by filing the notices as required by law. Plaintiffs own counsel urges that compliance should be exacted by the imposition of costs, that "attorneys would not want to be fined.”
Additionally, the problems can be ameliorated by individual Judges exercising firm control in administering litigation before them. Such measures as fixing serious return dates, insisting upon adherence to the schedules, and entering orders enforceable on pain of dismissal (see, Zletz v Wetanson, 67 NY2d 711) would address habitual "law office failures” and systemic delays without unnecessarily penalizing the litigants.