■ CHRISTINA CATALDO et al., Respondents, v BUDGET RENT A
CAR OF DELAWARE, INC., Appellant, and T.N.T. PILOT, INC., et
al., Respondents. (Action No. 1.) SHIYAMALA THIRUNAYAGAM et
al., Respondents, v WINNER FORD OF NEWARK, INC., Doing
Business as BUDGET RENT A CAR CORPORATION, Appellant, and
THARMAKULASINGAM KANAGARATNAM et al., Respondents. (Ac-
tion No. 2.) INDRAN THIAGARASA, Respondent, v WINNER FORD,
LTD., OF DOVER et al., Appellants, and BUDGET RENT A CAR
CORPORATION et al., Respondents. (Action No. 3.)—In three
consolidated actions to recover damages for personal injuries,
etc., the defendants Winner Ford of Newark, Inc., d/b/a
Budget Rent A Car of Delaware and Winner Ford, Ltd., of

Dover appeal from an order of the Supreme Court, Queens County (Joy, J.)., dated July 14, 1989, which (1) denied their motion, *inter alia,* to vacate an order directing the production of documents, (2) denied with prejudice their motion to dismiss each action as against them on the ground of lack of jurisdiction, and (3) dismissed with prejudice their defenses of lack of jurisdiction.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs-respondents and the defendants-respondents T.N.T. Pilot, Inc., Pilot Freight Carriers, Inc. and Floyd H. Thompson, appearing separately and filing separate briefs.

The appellants, two Delaware companies, moved to dismiss the complaints in these actions on the ground of lack of personal jurisdiction. Documents relevant to the issue of personal jurisdiction were sought from them pursuant to a notice of discovery and inspection dated December 9, 1988, and, at a conference with the court on December 15, 1988, a timetable for the production of documents and depositions with respect to the issue of personal jurisdiction was established. At a conference on March 10, 1989, the court directed that a supplemental notice of discovery and inspection be served and depositions scheduled. The appellants were directed to produce the requested documents in New York by April 10, 1989, or provide an affidavit as to the nonexistence of the records or their inability to produce them within the specified time. A compliance hearing was held on April 14, 1989, and the plaintiffs requested that the court deny the appellants' motion to dismiss the complaints as against them due to their failure to comply with the order of March 10, 1989. The court issued a conditional order which denied the motion unless the documents were produced in New York by May 5, 1989. By order to show cause dated May 2, 1989, the appellants moved, *inter alia,* to vacate the order requiring production of the records in New York. The court denied that motion and imposed the promised sanction for failure to comply with the discovery orders, to wit, denial of their motion to dismiss the actions as against them for lack of personal jurisdiction, and dismissal of their defenses of lack of personal jurisdiction.

We conclude that the imposition of this sanction was appropriate pursuant to CPLR 3126, as the record reveals that the appellants willfully refused to comply with the court's directives *(see, Stojowski v Fair Oaks Dev. Corp.,* 151 AD2d 661; *Homburger v Levitin,* 130 AD2d 715; *Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548). The

appellants never moved for a protective order in the five months after the notice of discovery and inspection was served, despite their complaint that the records requested were too voluminous to produce in New York. The absence of an express determination by the court that their noncompliance was deliberate does not warrant reversal, as the record supports the inference that the conduct was willful and that the court so concluded (see, *Homburger v Levitin, supra*).

We find that the appellants' remaining contentions are without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.