SECOND DEPARTMENT, AUGUST, 1991

(August 5, 1991)

■ JOYCE AHRONI et al., Respondents, v CITY OF NEW YORK, Appellant, L.K. COMSTOCK & Co., INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. PEREZ INTER-BORO ASPHALT Co., Third-Party Defendant.—In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from (1) an order of the Supreme Court, Kings County (Greenstein, J.), entered June 5, 1989, which granted the motion of the defendant third-party plaintiff L.K. Comstock & Co., Inc., to strike its answer to the cross claim asserted pursuant to CPLR 3126 by L.K. Comstock & Co., Inc. and direct an inquest against the City of New York upon the cross claim, and (2) an order of the same court, entered May 30, 1990, which granted the plaintiffs' motion to strike its answer to the complaint and ordered an inquest as to damages.

Ordered that the orders are reversed, on the law and as a matter of discretion in the interest of justice, the motions are denied, and the answer to the complaint and to the cross claim asserted by L.K. Comstock & Co., Inc. is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

We agree with the contention of the defendant City of New York (hereinafter the City) that the court improvidently exercised its discretion by striking part of its answer pursuant to CPLR 3126 due to defaults in responding to requests for discovery. It is well settled that the sanction of striking a pleading is a drastic one which should only be imposed where the moving party establishes that the failure to disclose is willful, contumacious or in bad faith, assuming compliance with a discovery demand or order is possible (see, Mayers v Consolidated Charcoal Co., 154 AD2d 577; Beard v Peconic Foam Insulation Corp., 149 AD2d 555; Homburger v Levitin,

130 AD2d 715). In the instant case we find that the moving defendant third-party plaintiff L.K. Comstock & Co., Inc. (hereinafter Comstock) and the plaintiffs have failed to make the requisite showing.

The record before us establishes that the City was less than prompt in disclosing the documents demanded of it by the plaintiffs and Comstock. Nevertheless, these documents were ultimately disclosed and they do appear to be helpful to the City's case. Thus, far from presenting a more typical situation of a party's deliberate refusal to disclose materials harmful to its position *(see, Zletz v Wetanson,* 67 NY2d 711; *Sawh v Bridges,* 120 AD2d 74), in the instant case the lack of willfulness on the part of the City in its disclosure delays is best illustrated by the fact that the documents demanded were potentially exculpatory to the City, which therefore had no reason to intentionally resist their disclosure. Accordingly, as the movants did not establish that the City's discovery defaults were willful, contumacious or in bad faith, it was an improvident exercise of the court's discretion to strike stated portions of the City's answer. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.