■ CARVEN ASSOCIATES, INC., et al., Respondents, v AMERICAN HOME ASSURANCE CORP., Defendant and Third-Party Plaintiff-Appellant. DELRO INDUSTRIES, INC., et al., Third-Party Defendants.—In an action, inter alia, to enforce an insurance contract, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Orange County (Hopkins, J.H.O.), dated October 3, 1988, as denied its motion for partial summary judgment.

■ CARVEN ASSOCIATES, INC., et al., Appellants, v AMERICAN HOME ASSURANCE CORP., Defendant and Third-Party Plaintiff-Respondent. DELRO INDUSTRIES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants.—In an action, inter alia, to enforce an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Orange County (Green, J.), entered October 2, 1989, which granted the defen-

dant's motion pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly exercised its discretion in dismissing the plaintiffs' complaint for their failure to comply with discovery demands and directives over a period of approximately two years. The plaintiffs inexplicably failed to timely seek review in the Supreme Court pursuant to CPLR 3104 (d) of an October 1988 conditional order of dismissal made by a Judicial Hearing Officer appointed to supervise disclosure pursuant to CPLR 3104 (b). Therefore, the Supreme Court was warranted in refusing to review the propriety of that order. In any event, the sanction imposed, although a severe one, cannot be said to have been an improvident exercise of the court's broad discretion (*see, Zletz v Wetanson,* 67 NY2d 711; *Homburger v Levitin,* 130 AD2d 715), as the record reveals that the plaintiffs engaged in conduct which was deliberately evasive with respect to the defendant's discovery rights and marked by an inexactitude which operated to frustrate disclosure. Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.