■ NATHAN FRIEDMAN et al., Respondents, v 125 DIVISION REALTY, INC., et al., Appellants. (Action No. 1.) HERMAN SANDER et al., Respondents, v 125 DIVISION REALTY, INC., et al., Appellants, and JOEL HARFENES, Respondent. (Action No. 2.) STATE OF NEW YORK, Respondent, v MARTIN HARFENES et al., Appellants. (Action No. 3.) [600 NYS2d 264] —In consolidated actions for specific performance of contracts for the sale of condominiums (Action Nos. 1 and 2) and, *inter alia,* for a permanent injunction barring the defendants in Action No. 3 from selling securities within the State of New York, the appeal is from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Spodek, J.), entered September 5, 1990, which, upon an order of the same court, dated March 7, 1990, striking the answers for failure to comply with a subpoena decus tecum, after an inquest, *inter alia,* granted certain of the plaintiffs in Action Nos. 1 and 2 specific performance of contracts to purchase condominiums, and (2) an

order and judgment (one paper) of the same court, entered September 6, 1990, which, upon the order dated March 7, 1990, after an inquest, *inter alia,* permanently enjoined the defendants in Action No. 3 from selling securities within the State of New York.

Ordered that the order and judgments are affirmed, with one bill of costs to the plaintiffs-respondents appearing separately and filing separate briefs.

This appeal concerns three consolidated actions arising from the conversion of property located at 125 Division Street in Brooklyn into condominiums.

On appeal, the appellants argue that the court erroneously refused to submit Action Nos. 1 and 2 to arbitration pursuant to an arbitration clause contained in the contracts for the controversy which was the subject of the sale of the condominiums. However, the appellants waived their right to arbitration by actively participating in the civil litigation prior to making their demand *(see, Sherrill v Grayco Bldrs.,* 64 NY2d 261; *De Sapio v Kohlmeyer,* 35 NY2d 402; *Bucci v McDermott,* 156 AD2d 328).

Further, the appellants argue that the court improperly struck their pleadings as a remedy for their failure to comply with the State's subpoena duces tecum. However, on the facts at bar, the striking of the appellants' answers was neither impermissible *(see,* CPLR 2308, 3126), nor an improvident exercise of discretion. As noted by the Supreme Court, it is "beyond any doubt that there has been a pernicious pattern of delay and a clear attempt [by the appellants] to subvert the discovery process". Indeed, the obfuscatory and evasive testimony offered by the appellants throughout the proceeding overwhelmingly establishes, as the trial court stated, "that the missing subpoenaed records have been intentionally secreted by the principals of the corporate defendant who now seek to hide behind the pretense of a burglary". Accordingly, the answers were properly stricken *(see, Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, *cert denied* 469 US 1158; *Homburger v Levitin,* 130 AD2d 715; *Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580; *Linwood Roofing & Contr. Co. v Olit Assocs.,* 123 AD2d 840; *Anteri v NRS Constr. Corp.,* 117 AD2d 696).

In addition, the appellants argue for the first time on appeal that they were impermissibly held in contempt for the failure to produce the records of the Mohar Development Corporation (hereinafter Mohar). Mohar was not specifically mentioned in

the subpoena duces tecum *(see, Matter of Holtzman v Beatty,* 97 AD2d 79). However, here, unlike the situation in *Matter of Holtzman v Beatty (supra),* wherein the person to whom the subpoena was directed was not personally served and had no knowledge of the subpoena's actual language, the appellants herein clearly had notice of the actual language in the subpoena and, therefore, waived their right to contest the validity of the subpoena on the ground that it sought production of records of another corporation not specified in the subpoena duces tecum. In any event, failure to produce the records of Mohar did not form the basis of the motion to have the appellants held in contempt and Mohar is not mentioned in the order dated March 7, 1990, adjudging the appellants in contempt. Further, although a subsequent order dated June 26, 1990, denying the appellants' motion to purge the contempt does mention the records of Mohar, clearly the court based its determination that the subpoena was violated on the continuing failure by the appellants to produce the demanded records and documents of the corporate defendant.

We have examined the appellants' remaining contentions and found them either academic or without merit. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.