■ EAGLE STAR INSURANCE COMPANY OF AMERICA, Appellant, v NORMAN BEHAR et al., Respondents. [615 NYS2d 418] —In an action for a judgment declaring a conveyance void as fraudulent, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated February 11, 1992, which dismissed the complaint insofar as it is asserted against the defendant Rita Behar pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

The drastic sanction of unconditionally striking a pleading pursuant to CPLR 3126 should not be invoked unless the resisting party's default is shown to be deliberate and contumacious (see, Furniture Fantasy v Cerrone, 154 AD2d 506). However, where a party disobeys a court order and by his conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court (see, Zletz v Wetanson, 67 NY2d 711).

Here, by order dated June 5, 1991, the plaintiff was directed to produce a "knowledgeable" witness, after having failed to do so at a prior examination, as well as its file and a true copy of any appraisals of the subject premises. The order further warned the plaintiff that the failure to obey the court's directive would result in the dismissal of the action as against the defendant Rita Behar. On July 26, 1991, the plaintiff produced a witness whose only knowledge of the case stemmed from his review of the file shortly before being deposed and

whose conclusions, after reviewing the file, were admittedly premised upon "correspondence received from counsel". Further, although the plaintiff produced the subject file, it had been redacted by the plaintiff's attorney, who unilaterally removed material believed to be privileged without first seeking a protective order *(see, generally, Cataldo v Budget Rent a Car,* 170 AD2d 475). Accordingly, since the plaintiff disobeyed the order dated June 5, 1991, and thereby frustrated the disclosure scheme provided by the CPLR, the Supreme Court did not improvidently exercise its discretion in dismissing the complaint pursuant to CPLR 3126 insofar as it is asserted against the defendant Rita Behar. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.