■ PARISH CONSTRUCTION CORP. et al., Respondents, v FRANLO TILE, INC., Defendant, and JOSEPH LoCURTO, JR., Appellant. [626 NYS2d 565] —In an action to recover damages for negligence and breach of warranty, the defendant Joseph LoCurto, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated February 14, 1994, as granted the defendants' motion pursuant to CPLR 3126 to penalize the plaintiffs for their failure to disclose only to the extent of conditionally precluding certain evidence and otherwise denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3126 provides that when a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed * * * the court may make such orders with regard to the failure or refusal as are just." "In order to invoke the drastic remedy of a preclusion order which effectively results in the striking of a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent" (*Vatel v City of New York,* 208 AD2d 524, 525; *see also, Matter of Piscionere,* 161 AD2d 596, 597). The burden of establishing that a failure or refusal to disclose was the result of willful, deliberate, and contumacious conduct rests with the party seeking preclusion (*see, Ahroni v City of New York,* 175 AD2d 789; *Forman v Jamesway Corp.,* 175 AD2d 514). The motion papers fail to establish such conduct. Accordingly, it was not an improvident exercise of the court's discretion to grant the motion pursuant to CPLR 3126 only to the extent of conditionally precluding certain evidence. Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.