■ JAMES J. COLLINS et al., Appellants-Respondents, v LUIS GUERRA, Defendant and Third-Party Plaintiff-Respondent-

Appellant, and BOOTH MEMORIAL MEDICAL CENTER, Respondent-Appellant. MIRNA TAGAYUN, Third-Party Defendant-Respondent-Appellant. [650 NYS2d 805] —In an action, *inter alia,* to recover damages for medical malpractice and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated May 15, 1995, as, upon reargument, modified an order of the same court dated December 22, 1994, which order dismissed the complaint in its entirety, by dismissing only so much of the complaint as related to wrongful death and precluding the plaintiffs from trying to establish damages for lost wages in excess of $12,285. The defendants and the third-party defendant cross-appeal, as limited by their briefs, from so much of the same order as granted the plaintiffs' motion for reargument, and, upon reargument, reinstated so much of the complaint as related to matters other than wrongful death.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court did not err in dismissing their wrongful death claim and limiting damages for lost wages as a sanction for their failure to fully comply with discovery orders. Although the drastic sanction of striking a pleading pursuant to CPLR 3126 should not be invoked unless the resisting party's default is shown to be deliberate and contumacious (*see, Lestingi v City of New York,* 209 AD2d 384; *Eagle Star Ins. Co. v Behar,* 207 AD2d 326), where a party disobeys a court order and thereby frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the court's broad discretion (*see, Zletz v Wetanson,* 67 NY2d 711; *Eagle Star Ins. Co. v Behar, supra*).

Here, the record demonstrates that the plaintiffs repeatedly failed to fully comply with court orders directing disclosure of the decedent's bank and tax records, and that they offered inadequate excuses for their noncompliance. Moreover, the defendants' ability to defend against the plaintiffs' wrongful death claim was prejudiced by the plaintiffs' failure to timely produce or authorize disclosure of the subject records. Under these circumstances, the court properly exercised its discretion in dismissing so much of the complaint as sought damages for wrongful death, and in limiting damages for lost wages (*see, Kaplan v Elkind,* 208 AD2d 683; *Vatel v City of New York,* 208 AD2d 524).

The court did not improvidently exercise its discretion in granting the plaintiffs' motion for reargument (*see, Loland v City of New York,* 212 AD2d 674; *Melendez v Methodist Hosp.,*

203 AD2d 435; *Ruggiero v Long Is. R. R.*, 161 AD2d 622). Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.