■ VINCENT P. CARUSO, Respondent, v ROBERT J. MALANG, JR., et al., Defendants, and PROFESSIONAL RISK MANAGERS, INC., Appellant. [651 NYS2d 186] —In an action, *inter alia*, to recover insurance commissions, the defendant Professional Risk Managers, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated November 29, 1995, as granted that branch of the plaintiff's motion which was to strike its answer and directed an inquest on damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that in order to invoke the drastic remedy of striking a pleading pursuant to CPLR 3126 for noncompliance with a court order for disclosure, the court must determine that the parties' failure to comply was the result of willful, deliberate, and contumacious conduct or its equivalent (*see, Lestingi v City of New York*, 209 AD2d 384; *Eagle Star Ins. Co. v Behar*, 207 AD2d 326; *Beard v Peconic Foam Insulation Corp.*, 149 AD2d 555). While a demanding party should generally not be granted more relief for nondisclosure than is " 'reasonably necessary to protect legitimate interests' " (*Automatic Mail Serv. v Xerox Corp.*, 156 AD2d 623), it is also true that where a party disobeys a court order and by his conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court (*see, Zletz v Wetanson*, 67 NY2d 711, 713; *Eagle Star Ins. Co. v Behar*, *supra*).

At bar, the appellant contends that its failure to fully comply

with the plaintiff's discovery notice was not willful because it conducted a diligent search of its records and turned over all requested documents in its possession. However, in view of the nature of the documents sought and their critical importance to the operation of an insurance agency, the record supports the court's conclusion that the appellant's failure to comply with the plaintiff's discovery notice and its prior order was indeed willful. Accordingly, the court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was to strike the appellant's answer (*see, Horowitz v Camp Cedarhurst & Town & Country Day School*, 119 AD2d 548). Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.