■ ROBERT FLORIO, JR., et al., Respondents, v NEWMARK & LEWIS, Appellant. (And a Third-Party Action.) [669 NYS2d 892] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 16, 1996, as, upon denying the plaintiff's cross motion to strike the answer, precluded the defendant from introducing any evidence at trial on the issue of liability, and granted the plaintiff's motion for an order of protection regarding certain discovery demands.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof which precluded the defendant from introducing any evidence at trial on the issue of liability; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

CPLR 3126 provides that when a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed * * * the court may make such orders with regard to the failure or refusal as are just". However, " '[i]n order to invoke the drastic remedy of a preclusion order which effectively results in the

striking of a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate or contumacious conduct or its equivalent' " (*Parish Constr. Corp. v Franlo Tile*, 215 AD2d 545, 546; *Vatel v City of New York*, 208 AD2d 524, 525). The burden of establishing that a failure or refusal to disclose was the result of willful deliberate and contumacious conduct rests with the party seeking the order of preclusion (*see, Ahroni v City of New York*, 175 AD2d 789). The record fails to establish such conduct. In fact, at the deposition of the injured plaintiff, his attorney acknowledged that the defendant had gone into bankruptcy and was "unable to present a witness for their examination".

The defendant's remaining contention is without merit. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.