■ VINCENT R. DEANGELIS, Plaintiff, v KOREA FIRST BANK, NEW YORK AGENCY et al., Defendants. (Action No. 1.) KOREA FIRST BANK, NEW YORK AGENCY, Respondent, v 78-14 ROOSEVELT, INC., et al., Defendants, and VINCENT R. DEANGELIS, Appellant. (Action No. 2.) [678 NYS2d 269] —In related actions to rescind a personal guarantee of a corporate obligation (Action No. 1) and to recover a money judgment on a promissory note and nine guarantees (Action No. 2), the defendant in Action No. 2, Vincent R. DeAngelis, appeals from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated September 29, 1995, as denied his cross motion pursuant to CPLR 3126 to dismiss the complaint in Action No. 2 insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The judgment entered May 7, 1997, in Action No. 2 having been reversed and the complaint having been reinstated in the companion appeal of the plaintiff in that action (*see, DeAngelis v Korea First Bank,* 254 AD2d 243 [decided herewith]), we proceed now to the merits of this appeal.

The Supreme Court did not improvidently exercise its discretion in denying the cross motion of Vincent R. DeAngelis to

dismiss the complaint in Action No. 2 insofar as asserted against him for failure to comply with discovery (*see, Falco v Caterpillar, Inc.,* 248 AD2d 352; *Lamagna v New York State Assn. for Help of Retarded Children,* 222 AD2d 559). The appellant failed to establish that the plaintiff engaged in willful, deliberate, and contumacious conduct (*see, Parish Constr. Corp. v Franlo Tile,* 215 AD2d 545; *Ahroni v City of New York,* 175 AD2d 789).

The parties' remaining contentions are without merit. Bracken, J. P., Pizzuto, Joy and McGinity, JJ., concur.