■ Goodman, Rackower & Agiato, Respondent, v Arlene Lieberman, Appellant. [688 NYS2d 662] —In an action to recover fees owed for accounting and valuation services, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 25, 1998, which granted the plaintiff's motion for "reconsideration" of a decision of the same court dated November 20, 1997, granting the defendant a further extension of certain court-ordered discovery deadlines, and upon "reconsideration", precluding the defendant pursuant

to CPLR 3126 (2) from introducing at trial any evidence relating to her counterclaim, and (2) an order of the same court dated July 10, 1998, which denied the defendant's motion for renewal or reargument of the plaintiff's motion for "reconsideration".

Ordered that the appeal from the order dated February 25, 1998, is dismissed, as no appeal lies from an order granting a motion for "reconsideration" of a decision (see, Behrens v Behrens, 143 AD2d 617); and it is further,

Ordered that the appeal from so much of the order dated July 10, 1998, as denied that branch of the defendant's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 10, 1998, is reversed insofar as reviewed, the motion for renewal is granted, and upon renewal, the order dated February 25, 1998, is vacated, and the plaintiff's motion for "reconsideration" is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

CPLR 3126 provides that when a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed * * * the court may make such orders with regard to the failure or refusal as are just." However, " '[i]n order to invoke the drastic remedy of a preclusion order which effectively results in the striking of a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, or contumacious conduct or its equivalent' " (Parish Constr. Corp. v Franlo Tile, 215 AD2d 545). The burden of establishing that a failure or refusal to disclose was the result of willful, deliberate, or contumacious conduct rests with the party seeking an order of preclusion (see, Florio v Newmark & Lewis, 248 AD2d 504).

The plaintiff failed to meet its burden in this case since the defendant complied with the order directing her to serve a bill of particulars by November 24, 1997. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.