■ RACHEL SIEGMAN, Appellant, v EFRAIM ROSEN et al., Respondents. [704 NYS2d 40] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered May 28, 1999, which denied plaintiff's motion to impose sanctions against defendants for non-compliance with prior court orders directing the production of certain discovery, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and defendants precluded from raising any issues arising out of plaintiff's Document Demand Item No. 4, which pertain to deposits, withdrawals and payments that are the subject of Interrogatories 12, 16, 17, 19, 21, 22, 24, 25, 27, 28, 30, 31 and 33-40. Appeal from order, same court and Justice, entered August 3, 1999, unanimously dismissed, without costs, as academic.

This consolidated action special proceeding seeks the payment of an unsatisfied money judgment that was entered against defendant Efraim Rosen in 1990. Plaintiff alleges that the formation of defendant Rosen Diamond Co., Inc. (RDC) by Efraim's wife Sarah, RDC's sole shareholder, the purchase of a house in Sarah's name only and subsequent improvements to the house allegedly valued at more than double its cost, and the dissolution of defendant Efraim Rosen Co., Inc., are all part of a series of fraudulent conveyances of Efraim's assets in order to frustrate collection of the judgment.

In June 1997, Justice Kapnick precluded plaintiff's discovery of all pre-March 2, 1986 transactions, but, on appeal, this Court removed that restriction as it pertained to plaintiff's claims for

fraudulent conveyance (*Siegman v Rosen*, 248 AD2d 180). As a result, Justice Kapnick, by order entered October 29, 1998, directed defendants to serve supplemental responses to the first set of interrogatories and document requests without regard to whether the documents sought pre-dated 1986.

Defendants, however, continually failed to produce any pre-1986 documents, despite several alleged promises to do so, and, as a result, plaintiff moved for sanctions in January 1999. At this juncture, defendants, for the first time, made the revelation that the documents in question could not be found. Thus, it was not until defendants contested the production of these documents, won the point at the trial court, saw the restriction removed on plaintiff's appeal, were subsequently ordered by the IAS Court to produce the documents, and had to answer a motion for sanctions after more delays and excuses, that they suddenly discovered that the documents simply could not be found. Further, what makes defendants' actions even more egregious is that they supply no indication whatsoever of the fate of the documents or what efforts were undertaken to locate them.

It is well settled that in order to impose the drastic remedy of preclusion, the court must determine that the offending party's failure to comply with discovery demands was willful, deliberate and contumacious (*see*, CPLR 3126 [2]; *Dexter v Horowitz Mgt.*, 267 AD2d 21; *Maillard v Maillard*, 243 AD2d 448). Generally, willfulness can be inferred when a party repeatedly fails to respond to discovery demands and/or to comply with discovery orders, coupled with inadequate excuses for those defaults (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 52; *Frias v Fortini*, 240 AD2d 467).

In this matter, in view of the importance of the documents as they pertain to plaintiff's claims, the efforts expended by defendants to prevent their disclosure through judicial means and, when all legal maneuvering failed, their sudden, unexplained disappearance, the IAS Court should have concluded that defendants' actions were indeed willful and warranted the sanctions imposed herein (*see*, *Caruso v Malang*, 234 AD2d 496; *Horowitz v Camp Cedarhurst & Town & Country Day School*, 119 AD2d 548). Concur—Nardelli, J. P., Wallach, Rubin and Andrias, JJ.