■ CAMILLE FRARACCI, Respondent, v JONATHAN LASOUSKA, Also Known as JOHN W. LASOUSKA, JR., Also Known as JACK LASOUSKA, Appellant. [724 NYS2d 218] —Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 15, 2000 in Ulster County, which, *inter alia*, granted plaintiff's motion to strike defendant's answer.

Plaintiff commenced this action to recover damages as a result of an alleged assault and battery on August 26, 1998. Pursuant to an October 28, 1999 "preliminary conference stipulation and order," a discovery timetable was set which included, as relevant here, a December 15, 1999 deposition of defendant and a deposition of plaintiff on or before December 31, 1999. This order also set the matter down for a January 17, 2000 compliance conference.

Although noticed for the December 15, 1999 deposition, defendant, who was proceeding *pro se*, contacted plaintiff's counsel on the day before and requested an adjournment, which was denied. Defendant then presented himself at the law office of plaintiff's counsel on December 15, 1999; however, he refused to be deposed in the absence of counsel and repeated his request for an adjournment. In a colloquy placed on the record, defendant detailed his efforts to hire an attorney, relayed certain advice he had received from one specific attorney about how he should proceed and made repeated representations that he would be ready to be deposed by the end of the month, which was within the deadline set for plaintiff's deposition. Plaintiff's counsel refused to agree to an adjournment and informed defendant that he would likely make a contempt motion and seek costs for the stenographer. Plaintiff's counsel did not inform defendant that he would also move to strike his answer.

On January 17, 2000, the date indicated in the scheduling order, defendant showed up for the compliance conference but was informed by Supreme Court that "nothing was scheduled" that day because it was a State holiday. Allegedly unbeknownst

to defendant, the conference had been previously rescheduled from January 17, 2000 to January 18, 2000 because of this holiday. Defendant claims that he did not receive notice of this scheduling change (although a letter was apparently mailed to him on or around November 16, 1999 advising him of the one day adjournment). He further claims that had the court informed him when he showed up for the conference one day too early that it had been rescheduled, he would have attended. When defendant failed to show up for the conference the following day, plaintiff's counsel apparently made an oral motion to strike his answer pursuant to CPLR 3126 (3).* Supreme Court granted the motion and directed plaintiff's counsel to submit an order on notice, which he did. Upon receipt thereof, defendant replied, again *pro se*, detailing his unsuccessful efforts to adjourn the deposition, as well as his attempt to appear for the conference. Notwithstanding, an order for default judgment was entered against defendant indicating that his answer was struck because he failed to submit to a noticed examination before trial and failed to appear for the January 18, 2000 conference. Defendant appeals.

We reverse. From a procedural standpoint, insofar as plaintiff sought to strike the answer based on defendant's failure to attend the scheduled deposition, such motion should have been on notice to him (*see, e.g., Boyle v City of New York*, 269 AD2d 135; *Postel v New York Univ. Hosp.*, 262 AD2d 40, 42; *Johnson v Haig*, 226 AD2d 588). In the absence of such notice, Supreme Court erred in imposing the extreme penalty of dismissal on this ground. In any event, the drastic sanction of dismissal of an answer should only be imposed where the moving party makes a clear showing that the defendant willfully or contumaciously failed to comply with an order for disclosure (*see, Nabozny v Cappelletti*, 267 AD2d 623; *see also, Florio v Newmark & Lewis*, 248 AD2d 504; *Parish Constr. Corp. v Franlo Tile*, 215 AD2d 545; *Harris v City of New York*, 211 AD2d 663). The record fails to establish such conduct in this case.

While defendant was not deposed as scheduled, we do not find this single incident of noncompliance to constitute a pattern of noncompliance or an indication of willful or contumacious conduct on his part (*see, Palmenta v Columbia Univ.*, 266 AD2d 90; *cf., Martin v Brooks*, 270 AD2d 538; *Lavi v Lavi*, 256 AD2d 602; *Lawrence H. Morse, Inc. v Anson*, 251 AD2d 722; *Friedman v 125 Div. Realty*, 195 AD2d 497; *Homburger v Levitin*, 130 AD2d 715, *lv dismissed* 70 NY2d 795), particularly

---

* There is no transcript of the January 18, 2000 conference.

where he sought an adjournment and agreed to be deposed within weeks (*see, Cruzatti v St. Mary's Hosp.*, 193 AD2d 579; *cf., Polanco v Duran*, 278 AD2d 397). Thus, Supreme Court improvidently exercised its discretion by striking the answer on this ground (*see, Ahroni v City of New York*, 175 AD2d 789; *Shampaner v Epstein*, 78 AD2d 850; *cf., Kubacka v Town of N. Hempstead*, 240 AD2d 374). As to defendant's failure to appear at the January 18, 2000 conference, the lack of willful or contumacious conduct on defendant's part is best illustrated by his appearance for that conference on the date indicated in the October 1999 order itself, and dismissal of the answer on this ground was also inappropriate.

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and plaintiff's motion to strike defendant's answer denied.