Crew III, J.E
Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 30, 2003 in Broome County, which, inter alia, granted defendant’s motion to dismiss the complaint.
In August 2001, plaintiff and defendant entered into a contract pursuant to the terms of which plaintiff agreed to purchase certain property owned by defendant in the Town of Sanford, Broome County. When plaintiff failed to obtain a mortgage commitment within the 30-day period specified in the contract, defendant refused to complete the sale, prompting plaintiff to commence this action for specific performance. Following plaintiff’s subsequent failure to respond to various discovery demands, defendant moved to compel discovery or strike the pleadings. Supreme Court, inter alia, denied the motion, directed defendant to accept the delinquent responses without prejudice and sanctioned plaintiff.
Thereafter, counsel for the parties entered into negotiations regarding the scheduling of plaintiffs deposition and, ultimately, such deposition was set for November 18, 2002. Shortly before the agreed-upon date, counsel for plaintiff advised that the deposition conflicted with the opening day of hunting season and, further, that plaintiff, who resided out of state, had failed to make the necessary arrangements to attend. Defendant refused to reschedule the deposition and, when plaintiff failed to appear, moved to dismiss the complaint. Supreme Court granted the motion, canceled plaintiffs notice of pendency and ordered her to pay defendant’s costs on the motion. This appeal by plaintiff ensued.
We affirm. While dismissal of a complaint indeed is a drastic sanction, such action is warranted where, as here, there is a clear showing that the plaintiff has willfully or contumaciously refused to comply with discovery demands (see Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765 [2002]). After refusing to comply with defendant’s initial discovery demands until a motion to compel had been brought, plaintiff failed to appear for a long-scheduled deposition despite having been advised by counsel that her attendance was mandatory (compare Fraracci v Lasouska, 283 AD2d 735 [2001]). In short, given plaintiffs demonstrated pattern of willful noncompliance with defendant’s discovery demands, we perceive no abuse of discretion in Supreme Court’s decision to dismiss the complaint.
*776 Peters, Spain, Carpinello and. Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.