Cannon v 111 Fulton St. Condominium, Inc. (2018 NY Slip Op 04523)





Cannon v 111 Fulton St. Condominium, Inc.


2018 NY Slip Op 04523


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-10217
2016-04980
 (Index No. 194/12)

[*1]Elcie Cannon, appellant, 
v
111 Fulton Street Condominium, Inc., et al., respondents, et al., defendant.


Moskowitz Passman & Edelman, New York, NY (Jeffrey M. Motelson of counsel), for appellant.
Morris, Duffy, Alonso & Faley, LLP, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered August 4, 2015, and (2) an order of the same court entered March 31, 2016. The order entered August 4, 2015, insofar as appealed from, granted that branch of the motion of the defendants 111 Fulton Street Condominium, Inc., and Cooper Square Realty, Inc., which was pursuant to CPLR 3126 to preclude the plaintiff from offering evidence at trial. The order entered March 31, 2016, insofar as appealed from, granted the motion of the defendants 111 Fulton Street Condominium, Inc., and Cooper Square Realty, Inc., in effect, for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross motion for leave to renew and reargue her opposition to that branch of those defendants' prior motion which was pursuant to CPLR 3126 to preclude her from offering evidence at trial.
ORDERED that the order entered August 4, 2015, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and that branch of the motion of the defendants 111 Fulton Street Condominium, Inc., and Cooper Square Realty, Inc., which was pursuant to CPLR 3126 to preclude the plaintiff from offering evidence at trial is denied; and it is further,
ORDERED that the appeal from so much of the order entered March 31, 2016, as denied that branch of the plaintiff's cross motion which was for leave to reargue her opposition to that branch of the prior motion of the defendants 111 Fulton Street Condominium, Inc., and Cooper Square Realty, Inc., which was pursuant to CPLR 3126 to preclude the plaintiff from offering evidence at trial is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 31, 2016, is reversed insofar as reviewed, on the law, without costs or disbursements, the motion of the defendants 111 Fulton Street Condominium, Inc., and Cooper Square Realty, Inc., in effect, for summary judgment dismissing the [*2]complaint insofar as asserted against them is denied, and that branch of the plaintiff's cross motion which was for leave to renew her opposition to that branch of those defendants' prior motion which was pursuant to CPLR 3126 to preclude her from offering evidence at trial is denied as academic.
The plaintiff allegedly was injured in a trip-and-fall accident on the sidewalk in front of a building owned by the defendant 111 Fulton Street Condominium, Inc., and managed by the defendant Cooper Square Realty, Inc. (hereinafter together the defendants). Thereafter, the plaintiff commenced this action against the defendants, among others, to recover damages for her personal injuries. The defendants answered and sought discovery and to depose the plaintiff. The plaintiff repeatedly failed to provide the required discovery and failed to appear for her deposition as ordered by the Supreme Court on three separate occasions.
The plaintiff and the defendants then entered into a so-ordered stipulation which provided, inter alia, that the plaintiff was required to appear for a deposition "on or before" March 16, 2015, "at a time and location to be agreed upon." The so-ordered stipulation stated that failure to appear would "result in preclusion, upon filing of an Affirmation of noncompliance." The plaintiff did not appear for a deposition on or before that date, and the defendants moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiff from offering evidence at trial. The defendants' counsel submitted an affirmation of noncompliance in support of the motion in which he stated that, pursuant to the terms of the so-ordered stipulation, "the plaintiff was to appear for a deposition on March 16, 2015." The defendants' counsel stated that on March 15, 2015, an unnamed member of his office contacted the plaintiff's counsel to "confirm [the plaintiff's] appearance for the scheduled deposition." The plaintiff's counsel allegedly responded that "they did not have the date in their calendar," and that the plaintiff would not be able to attend.
In an affirmation in opposition to the motion, the plaintiff's counsel averred that the defendants' counsel did not contact him regarding the plaintiff's deposition until the afternoon of March 13, 2015, and, in response to his inquiries, defense counsel's clerk was unable to supply a time or place for the deposition. Accordingly, the plaintiff's counsel contended that he did not know where or when to produce the plaintiff for her deposition. The defendants did not submit reply papers. In an order entered August 4, 2015, the Supreme Court granted that branch of the defendants' motion which was to preclude the plaintiff from offering evidence at trial.
The defendants thereafter moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that, since the plaintiff was precluded from presenting evidence, she could not establish a prima facie case. The plaintiff cross-moved for leave to renew and reargue her opposition to that branch of the defendants' prior motion which was to preclude her from presenting evidence at trial. The Supreme Court denied the plaintiff's cross motion and granted the defendants' motion. The plaintiff appeals.
When a litigant fails to comply with the terms of a conditional order of preclusion, the terms of that order become absolute (see Lee v Arellano, 18 AD3d 620, 621). However, the burden of establishing noncompliance rests with the party seeking preclusion (see Goodman, Rackower & Agiato v Lieberman, 260 AD2d 599, 600; see also Deer Park Assoc. v Town of Babylon, 121 AD3d 738, 740). Because the remedy of preclusion is the functional equivalent of striking a party's pleading (see Goodman, Rackower & Agiato v Lieberman, 260 AD2d at 600), it may not be granted where the party can demonstrate a justifiable excuse and a potentially meritorious cause of action or defense (see Vera v New York El. & Elec. Corp., 150 AD3d 927, 928).
Here, the so-ordered stipulation did not set a time, date, or place for the plaintiff's deposition, instead stating merely that the plaintiff's deposition was to be held "on or before" March 16, 2015, "at a time and location to be agreed upon." In light of this, the defendants' minimal assertion that the plaintiff failed to appear, which relied on the hearsay assertion of an unnamed employee of defense counsel, was insufficient to demonstrate that the plaintiff willfully and contumaciously violated the so-ordered stipulation (see Yong Soon Oh v Hua Jin, 124 AD3d 639, 641; Deer Park Assoc. v Town of Babylon, 121 AD3d at 740; Vaccaro v Weinstein, 117 AD3d 1033, 1034; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923). Similarly, the defendants did not allege in [*3]their motion that the plaintiff had failed to provide the outstanding written discovery that was included in the so-ordered stipulation. Therefore, since the defendants failed to demonstrate that the plaintiff knew when and where to appear for her deposition, there was no evidence of ongoing willful or contumacious conduct (see PNC Bank, N.A. v Campbell, 142 AD3d 1148, 1149). Accordingly, we disagree with the Supreme Court's determination to grant that branch of the defendant's motion which was to preclude the plaintiff from offering evidence at trial.
Since the order entered March 31, 2016, was based upon the order of preclusion, it must also be reversed insofar as reviewed.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court