Skouloudi v Kyriacou (2024 NY Slip Op 00822)

Skouloudi v Kyriacou

2024 NY Slip Op 00822

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 301568/20 Appeal No. 1680 Case No. 2022-04366 

[*1]Gabriela Skouloudi, Plaintiff-Respondent,
v
Kyriacos Kyriacou, Defendant-Appellant.

Advocate, LLP, New York (Jason A. Advocate of counsel), for appellant.
Cohen Clair Lans Greifer & Simpson LLP, New York (Jad Greifer of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about September 12, 2022, which, to the extent appealed from as limited by the briefs, found defendant husband had not complied with the court's April 5, 2022 conditional preclusion order (the Conditional Order), precluded the husband from offering evidence or testimony regarding four wire transfers totaling approximately $1.4 million made to plaintiff wife on or about February 3, 2017 (collectively the Wire Transfers) and deemed as true the wife's contention that such funds emanated from the husband's overseas assets, unanimously affirmed, without costs.
The order was a provident exercise of discretion (see generally M.P. v Jewish Bd. of Fam. & Children's Servs., 211 AD3d 584 [1st Dept 2022]). The court properly determined the husband had not complied with the Conditional Order, since he failed to adequately produce documentation showing the origination of the Wire Transfers (see e.g. Henry v Lenox Hill Hosp., 159 AD3d 494, 495 [1st Dept 2018]). The court was entitled to credit evidence that indicated that the funds comprising the Wire Transfers — even if nominally sent from an Oppenheim account titled in the names of the husband's parents — were not actually the parents' assets, but instead were assets that came from the husband's overseas holdings. The wife attested to conversations in which the husband, who insisted that they keep their finances separate during the marriage, told her that certain streams of his income had been placed in overseas accounts. She further attested to the unlikelihood that his parents, an auto mechanic and seamstress who lived a modest lifestyle in Cyprus, would have had the means to transfer to her the over $1.4 million at issue. The motion court properly found that the tardy disclosure produced by the husband shed no light on the key issues of the funds' source and the nature of the Oppenheim account from which the funds, at least nominally, came.
The husband claims the remedy of preclusion was improper because the wife did not meet her burden to show that he "willfully" failed to comply with the Conditional Order. However, his focus on "willfulness" is misplaced in this case, which involves noncompliance with an "order for disclosure," namely, the Conditional Order, and not merely with discovery demands. Therefore, only a showing that he "refuse[d] to obey" the order was required — a showing that the wife amply made (see CPLR3126; Siegman v Rosen, 270 AD2d 14, 15 [1st Dept 2000]).
The husband argues the order effectively allowed the wife to avoid her obligations under loan agreements that she signed, as borrower, and that his parents signed, as lenders, in January 2017. These agreements were the alleged impetus for two of the wire transfers. While the court deemed true the wife's contention that the Wire Transfers were comprised of the husband's overseas assets, rather than of his parents' funds, the effect of this ruling on the [*2]validity of loan agreements is not before us, as the loan agreements provide that any action arising from those agreements shall be brought in Cyprus.
We have considered the husband's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024