■ ANTE KURTIN Respondent, v CATING ROPE WORKS, INC., et al., Appellants. (And a Third-Party Action). — In a negligence and breach of warranty action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Aronin, J.), dated March 17, 1982, which, upon plaintiff's motion to vacate a 90-day notice to resume prosecution of the action served by defendants and defendants' cross motion pursuant to CPLR 3216 (subd [b], par [3]), to dismiss the action for failure to prosecute, *inter alia,* denied defendants' cross motion on condition that plaintiff serve and file a note of issue and statement of readiness within 15 days after service upon plaintiff of a copy of the order, with notice of entry. By order dated December

27, 1982, this court reversed the order of Special Term, on the law, denied plaintiff's motion, granted defendants' cross motion and dismissed the complaint (*Kurtin v Cating Rope Works,* 91 AD2d 677). By order dated April 26, 1983 (59 NY2d 633), the Court of Appeals reversed our order and directed that the case be remitted to this court for a review of the facts (see *Miskiewicz v Hartley Rest. Corp.,* 58 NY2d 963; CPLR 5613). ¶ Order affirmed, with costs. ¶ The determination of Special Term is sufficiently supported by the evidence, is not legally or factually erroneous, and does not constitute an improvident exercise of discretion. Accordingly, the order of Special Term is affirmed (see *Miskiewicz v Hartley Rest. Corp.,* 58 NY2d 963, *supra; Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; CPLR 3216; L 1983, ch 318; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:30, 1970-1983 Supp Pamph). Titone, J. P., Thompson, Weinstein and Brown, JJ., concur.