■ WILLIAM J. LYONS et al., Appellants, v EDITH BUTLER et al., Respondents.—In an action to recover for property damage the plaintiffs appeal from an order of the Supreme Court, Queens County (Durante, J.), dated September 15, 1986, which, in effect, denied their motion to vacate their default in complying with certain provisions of a prior order of the same court, dated December 9, 1985, and for an enlargement of time to comply, and which granted a cross motion to dismiss the action for failure to prosecute.

Ordered that the order is affirmed, with costs.

The history of this action, since its commencement in September of 1983, is one of inactivity upon the part of the plaintiffs in the prosecution of their claims to recover damages for injury to personal property. Sporadic settlement negotiations terminated in May of 1985. On or about August 1, 1985, the plaintiffs were served with a demand, pursuant to CPLR 3216, which required them to serve and file a note of issue within 45 days of receipt of the demand, rather than within the statutorily mandated 90-day period *(see,* CPLR 3216, as amended by L 1978, ch 4, § 2). On or about October 18, 1985, a motion was made to dismiss the action for failure to prosecute and the plaintiffs cross-moved for leave to serve a late reply to certain counterclaims and for examinations before trial of the defendants.

By order dated December 9, 1985, the Supreme Court correctly denied the motion to dismiss for failure to prosecute. While the erroneously designated 45-day demand is an irregularity that may be disregarded where the defendants wait 90 days after the plaintiffs' receipt of the demand before moving to dismiss the action for failure to prosecute *(see, Smith v City of Troy,* 77 AD2d 691, *affd* 54 NY2d 890; *Rumrill v Epting,* 88 AD2d 1047), here, the motion to dismiss was served before expiration of the requisite 90-day period. Consequently, the court lacked jurisdiction to entertain the motion *(see, Genovese v Kogel Materials Corp.,* 61 AD2d 820). The same order granted the relief requested in the plaintiffs' cross motion on the condition that the plaintiffs' reply was served within 30 days after the date of the order and the case was placed on the Trial Calendar no later than March 31, 1986. The parties were directed to appear for depositions on February 19, 1986.

Over six months later, the plaintiffs moved, in effect to

vacate their default in complying with the order of December 9, 1985, and to enlarge their time to comply with its terms on the ground that their counsel had been unaware of the order and the defendants had not served them with a copy. The defendants cross-moved to dismiss the action for failure to prosecute. We find that the court properly denied the plaintiffs' motion and granted the defendants' cross motion.

Where the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve it on the adverse party *(see,* CPLR 2220; *McCormick v Mars Assocs.,* 25 AD2d 433; *Cultural Center Commn. v Kokoritsis,* 103 AD2d 1018). However, service of an order on a successful moving party is not necessary since such party is chargeable with knowledge of the order. Consequently, when an order grants the requested relief to a party upon compliance with a condition, such party must at his peril take notice of the order without waiting to be served with a copy of it and must comply with the terms within the proper time or lose the benefit of the order (2 Carmody-Wait 2d NY Prac § 8:106, at 124-125; *Mottram v Mills,* 1 Sandf 671; *Willink & Willink v Renwick & Renwick,* 22 Wend 608). The plaintiffs, the prevailing parties, merely proffered law office failure as an excuse for not ascertaining or complying with the order *(see, Kurtin v Cating Rope Works,* 91 AD2d 677, *revd on other grounds* 59 NY2d 633, *on remand* 100 AD2d 575; *Prezio v Milanese,* 40 AD2d 910). While the courts have discretion to relieve a successful moving party from the consequences of his failure to comply with a conditional order in his favor *(see,* CPLR 2005; *Willink & Willink v Renwick & Renwick, supra,* at 610), in this case the plaintiffs have failed to satisfactorily demonstrate a meritorious claim. Their engineer's report pertains to claims apparently barred by the applicable Statute of Limitations *(see,* CPLR 214 [4]). Under the circumstances of this case, the court did not abuse its discretion in refusing to relieve the plaintiffs of their default.

Although the 45-day demand upon which the first motion to dismiss pursuant to CPLR 3216 was premised cannot serve as a foundation for the second motion to dismiss for failure to prosecute, as the first motion had been unconditionally denied *(see, Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075, *appeal dismissed* 65 NY2d 1053), the court did not err in dismissing the action predicated upon the plaintiffs' noncompliance with its directive to place the action on the Trial Calendar no later than March 31, 1986. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.