■ ALAN STERNBERGER, Respondent, v REBECCA OFFEN et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendants Offen and Oakwood Village Association appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated December 2, 1986, as denied their motion to compel the plaintiff to provide "proper medical authorizations not limited in time".

Ordered that the order is affirmed insofar as appealed from, with costs.

We find that the Supreme Court did not abuse its discretion in denying the defendants' motion to compel the plaintiff to

provide authorizations for the release of medical records pertaining to the plaintiff's preexisting psychiatric disorder.

The plaintiff was struck by an automobile operated by the defendant Offen and owned by the defendant Oakwood Village Association while crossing an intersection in Kings County. He commenced the instant action to recover damages for injuries he sustained as a result of the defendants' alleged negligence. The plaintiff did provide authorizations for the release of medical records from the date of the accident to the present time. While the plaintiff makes no claim for aggravation of a preexisting emotional or mental condition, nevertheless, the defendants seek information pertaining to the plaintiff's mental condition during the period of time preceding the accident. This is neither material nor necessary to the defense of this action and the motion to compel disclosure was, therefore, properly denied (see, CPLR 3101 [a]; *Cooperstein v Patrician Estates,* 97 AD2d 426; *Andrew F. Capoccia, P. C. v Spiro,* 88 AD2d 1100). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.