■ LINDA M. KRULIK, Individually and as Personal Representative of the Estate of SARAH BRUDNER, Deceased, Respondent-Appellant, v ROBERT MEYEROWITZ et al., Appellants-Respondents. NORMAN FROWLEY, Nonparty Respondent-Appellant.— In an action to recover damages for medical malpractice, (1) the defendants separately appeal from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated January 20, 1989, as vacated a prior order of the same court, dated December 9, 1988, which granted their separate motions to dismiss the complaint, denied those motions, and granted the plaintiff's cross motion for leave to serve and file a late notice of medical malpractice action, and (2) the plaintiff and her nonparty attorney (a) cross-appeal from so much of the order dated January 20, 1989, as granted the plaintiff's cross motion for leave to serve and file a late notice of medical malpractice action upon condition that her attorney personally pay the sum of $2,000 to the Client Security Fund of the State of New York, and further provided that in the event he failed to pay that sum within 30 days of the date of the order, the complaint was dismissed, and (b) appeal, as limited by their brief, from so much of an order of the same court, entered July 17, 1989, as denied a cross motion for an extension of time to pay the $2,000 to the Client Security Fund.

Ordered that the order dated January 20, 1989, is modified, on the law, by deleting the provision thereof which provided that the complaint would be dismissed upon the failure of the plaintiff's attorney to pay $2,000 to the Client Security Fund of the State of New York within 30 days of the date of that order; as so modified, the order dated January 20, 1989, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered July 17, 1989, is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a de novo determination of the plaintiff's cross motion for an extension of her attorney's time to pay $2,000 to the Client Security Fund of the State of New York, without prejudice to the defendants' right, if they be so advised, to move for dismissal of the complaint based upon the failure of the plaintiff's attorney to timely pay that monetary sanction.

In the instant medical malpractice action, the defendants moved to dismiss the plaintiff's complaint on the ground that the plaintiff failed to serve and file a notice of medical malpractice action pursuant to CPLR 3406 and 22 NYCRR 202.56. By order dated January 20, 1989, the Supreme Court, Nassau County, (1) vacated a prior order dated December 9, 1988, granting the defendants' motions, (2) denied the defendants' motions, and (3) granted a cross motion by the plaintiff for leave to serve and file a late notice of medical malpractice action "on condition that the plaintiff's attorney pay to the Client Security Fund of the State of New York the sum of Two Thousand ($2,000) Dollars, within 30 days of the date of this order". The order of the Supreme Court, Nassau County, also provided: "In the event the plaintiff's attorney fails to comply with the above ordered condition, the plaintiff's cross-motion shall be deemed denied, and the defendants' motions * * * shall all be deemed granted".

The record indicates that the plaintiff's attorney did not pay the monetary sanction to the Client Security Fund within the time period prescribed by the order of the Supreme Court dated January 20, 1989. The various defendants thereafter separately moved to dismiss the complaint based upon that failure to timely pay the monetary sanction, and the plaintiff cross-moved for an order extending her attorney's time to make payment.

By order entered July 17, 1989, the Supreme Court, Nassau County, (1) held that the order dated January 20, 1989, was self-executing, therefore the complaint was already dismissed, (2) denied, as moot, the defendants' motions to dismiss the complaint, and (3) denied the plaintiff's cross motion for an extension of time.

In *Tewari v Tsoutsouras* (75 NY2d 1), the Court of Appeals held that the Legislature did not authorize the imposition of the sanction of dismissal for a plaintiff's failure to timely serve and file a notice of medical malpractice action. However, the court held that a "monetary sanction" could be imposed in conjunction with any court order obtained by a defendant which directed that the notice be served and filed *(Tewari v Tsoutsouras, supra,* at 11). In addition, the Court of Appeals held *(Tewari v Tsoutsouras, supra,* at 10-11): "Once a defendant has obtained an order directing that the notice be filed, a plaintiff's disregard of such order may be deemed willful and construed as a deliberate effort to frustrate the calendar control rules promulgated under CPLR 3406 (b). In that case, dismissal as authorized by that subdivision would be war-

ranted. Disregard of a court order directing the filing of the notice and its attendant authorizations *(see,* CPLR 3406 [a]) may also be construed as a failure to comply with a court order directing discovery for which dismissal is an authorized sanction (CPLR 3126 * * *)."

In view of the holding of *Tewari v Tsoutsouras (supra),* it is clear that the Supreme Court, in its order dated January 20, 1989, properly imposed a monetary sanction as a condition for allowing the plaintiff to serve and file a late notice of medical malpractice action. However, the Supreme Court erred when, in the same order, it provided that dismissal of the complaint would follow automatically if the monetary sanction was not timely paid. Under the principles enunciated in *Tewari v Tsoutsouras (supra),* dismissal of the complaint could be granted only after a subsequent determination by the court that the failure of the plaintiff's attorney to pay the monetary sanction was "willful" and "deliberate" *(Tewari v Tsoutsouras, supra,* at 10-11). Accordingly, the order dated January 20, 1989, has been modified by deleting therefrom its self-executing provision, and the matter is remitted to the Supreme Court, Nassau County, for a de novo determination of the plaintiff's cross motion for an extension of her attorney's time to pay the monetary sanction, without prejudice to the defendants' right, if they be so advised, to move for dismissal of the complaint based on the plaintiff's failure to timely pay the monetary sanction. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.