◾ MATTHEW SCHIMSKY, an Infant, by His Father and Natural Guardian, MARC SCHIMSKY, et al, Appellants, v ST. JOHN'S EPISCOPAL HOSPITAL et al., Respondents.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Lama, J.), entered April 13, 1989, which, upon an order entered March 9, 1989, denying their motion for leave to file a late notice of medical malpractice action and granting the cross motions of the defendants Robert Shapiro; Robert Shapiro, Physician, P. C.; and Lev Chernobilsky, to dismiss the complaint as against them, and upon an order entered April 4, 1989, adhering to that determination upon reargument, is in favor of those defendants and against them, and (2) a judgment of the same court, entered May 1, 1989, which, upon the order entered April 4, 1989, granting the cross motions of the defendants St. John's Episcopal Hospital; Rob-

ert B. Brown; A. Michael Kaplan; Irwin Reichman, Robert Brown and A. Michael Kaplan, M.D., P. C.; Albert Adler; Albert Adler, M.D., P. C.; Joseph E. Plastaras; Kevin L. Zacharoff; Kevin L. Zacharoff, M.D., P. C.; Mercedes B. Martinez; Mercedes B. Martinez, M.D., P. C.; and Shammeen Tamton, to dismiss the complaint as against them, is in favor of those defendants and against them. The plaintiffs' notice of appeal from the order entered April 4, 1989, is deemed a notice of appeal from the judgments (see, CPLR 5520 [c]).

Ordered that the judgments are reversed, on the law, without costs or disbursements, the orders entered March 9, 1989, and April 4, 1989, respectively, are vacated, the defendants' cross motions to dismiss the complaint for failure to timely serve a notice of medical malpractice action is denied, the plaintiffs' motion is granted, the notice of medical malpractice action is deemed served and filed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

We note that, although the Supreme Court purportedly denied renewal and reargument in the order entered April 4, 1989, the court did, in fact, reconsider the plaintiffs' original motion on the merits. In effect, the court in the order entered April 4, 1989, granted reargument, but adhered to the original determination made in the order entered March 9, 1989. Thus, we deem the notice of appeal from the order entered April 4, 1989, as a notice of appeal from both judgments, since both judgments were, in effect, entered on that order. Since the notice of appeal from the order entered April 4, 1989, is dated April 28, 1989, the appeals were timely perfected on July 28, 1989.

In *Tewari v Tsoutsouras* (75 NY2d 1) the Court of Appeals ruled that the dismissal of an action was not an authorized sanction for failure to timely file a notice of medical malpractice action under CPLR 3406 (a). Accordingly, the plaintiff should have been granted leave to file a late notice. However, the matter should be remitted to the Supreme Court, Suffolk County, to determine the appropriate amount of sanctions, if any, to be imposed upon the plaintiffs (see, *Tewari v Tsoutsouras, supra; Braun v Manes,* 162 AD2d 428; *Krulik v Meyerowitz,* 160 AD2d 770; *Fittipaldo v Gal,* 159 AD2d 481). Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.