■ CBJ PROPERTIES et al., Appellants, v STANLEY MAGID et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 9, 1989, which granted plaintiffs' motion to restore their action to the Trial Calendar upon payment of $3,000, unanimously affirmed, without costs. Order of the same court and Justice entered April 5, 1990, granting defendants' motions to dismiss plaintiffs' action with prejudice, unanimously reversed, without costs, and the motions to dismiss denied, on condition that plaintiffs' counsel pay to defendants and their counsel $3,000, as required by the order of August 9, 1989, within 30 days of service upon plaintiffs of this order with notice of entry. If the condition is not so complied with, the order is affirmed.

In this action to recover a real estate broker's commission, the parties were advised at a pretrial conference that a trial was to commence on May 25, 1989. Defendants and their counsel appeared in court at 9:30 A.M., but plaintiffs' counsel did not appear, apparently because he had mistakenly entered 2:15 P.M. in his diary as the scheduled time. At 12:12 P.M.,

after efforts to reach counsel were unsuccessful, the court dismissed the action for failure to prosecute. By order entered August 9, 1989, the IAS court granted plaintiffs' motion to restore the case conditioned upon plaintiffs and their counsel paying to defendants and their counsel $3,000 within 30 days as compensation for the time lost. We find the monetary sanction appropriate as a condition for restoring the case pursuant to CPLR 2005 (see, Rutger Fabrics Corp. v United States Laminating Corp., 111 AD2d 40).

Plaintiffs filed a notice of appeal, but neglected to seek a stay to toll the 30-day period. By order entered April 5, 1990, the IAS court granted the defendants' motions to dismiss with prejudice. Ordinarily, when an order grants requested relief to a party upon compliance with a condition, the party must comply with the terms within the specified period or lose the benefit of the order (Lyons v Butler, 134 AD2d 576). Nevertheless, under the circumstances presented, absent prejudice, the plaintiffs are granted one final opportunity to pay the $3,000 in costs originally awarded as a condition for restoring the action to the Trial Calendar. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.