■ LINDA M. KRULIK, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. [610 NYS2d 584] —In an action to recover damages for medical malpractice, etc., the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Saladino, J.), dated March 5, 1992, which denied her attorney's motion for an extension of time, nunc pro tunc, in which to pay a previously imposed monetary sanction and which dismissed the complaint, (2) from an order and judgment (one paper) of the same court, entered October 5, 1992, which denied her attorney's motion for an extension of time, nunc pro tunc, in which to pay a previously imposed monetary sanction and which dismissed the complaint, and (3) from a resettled order and judgment (one paper) of the same court, dated March 5, 1993, which denied her attorney's motion for an extension of time, nunc pro tunc, in which to pay a previously imposed monetary sanction and which dismissed the complaint.

Ordered that the appeal from the order dated March 5, 1992, is dismissed; and it is further,

Ordered that the appeal from the order and judgment entered October 5, 1992, is dismissed since that order and judgment was superseded by the order and judgment dated March 5, 1993; and it is further,

Ordered that the resettled order and judgment dated March 5, 1993, is reversed, as a matter of discretion; the order dated March 5, 1992, and the order and judgment entered October 5, 1992, are vacated; the motion is granted; and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order dated March 5, 1992, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review

and have been considered on the appeal from the resettled order and judgment dated March 5, 1993 *(see,* CPLR 5501 [a] [1]).

Upon the remittitur of this action to the Supreme Court *(see, Krulik v Meyerowitz,* 160 AD2d 770), the plaintiff's attorney paid the $2,000 sanction which had been previously imposed by that court and canceled the $2,000 undertaking which he had filed for purposes of the prior appeal. The plaintiff's attorney then moved for an extension of time, nunc pro tunc, in which to pay the sanction. The Supreme Court denied the motion and dismissed the plaintiff's complaint. The Supreme Court found that the plaintiff's attorney had acted with willful intent when he had failed to pay the $2,000 sanction within 30 days of its January 20, 1989, order and that the defendants were prejudiced by the lapse of time.

Upon our review of the record, however, we find that the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion and in dismissing the complaint. The record fails to disclose any evidence of willful behavior on the part of the plaintiff's attorney in failing to timely pay the sanction *(see, CBJ Props. v Magid,* 167 AD2d 215, 216; *Goldstein v New York Univ. Med. Ctr.,* 166 AD2d 252; *Bako v V.T. Trucking Co.,* 143 AD2d 561, 562; *see also, Hocevar v Honig Indus. Diamond Wheel,* 172 AD2d 588, 589; *Lowitt v Burton I. Korelitz, M.D., P. C.,* 152 AD2d 506, 507-508). Moreover, as we have previously noted, the plaintiff's action appears to be meritorious *(see, Krulik v Meyerowitz, supra,* 160 AD2d, at 771). Finally, the defendants failed to demonstrate any prejudice caused by the failure to timely pay the sanction, and any prejudice stemming from the delay of this action was occasioned, in part, by the defendants' motions to dismiss the complaint and the prior appeal from the denial of those motions *(see, Tewari v Tsoutsouras,* 75 NY2d 1, 9-10). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.