■ HELEN CARR et al., Plaintiffs, and SUSAN STEIN et al., Respondents, v 583-587 BROADWAY ASSOCIATES et al., Defendants, and NATIONAL TESTING LABORATORIES, INC., Appellant. [655 NYS2d 533] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 19, 1996, which, *inter alia*, denied the cross motion by defendant National Testing Laboratories ("NTL") for full discovery of respondents' complete psychological records over the past five years, unanimously modified, on the law, to the extent of granting the motion in part so as to allow discovery of those records, under protective order of confidentiality, dating only from the onset of the symptoms complained of, and otherwise affirmed, without costs.

Plaintiffs complained of personal injury from exposure to toxic substances in the workplace. Defendant NTL had earlier performed an air quality survey of the premises, an art museum in Manhattan's SoHo district, in an allegedly negligent manner. Plaintiffs initially included various forms of depression and anxiety in their allegations of injury. When NTL demanded release of psychological records, among other medical records, for the five years preceding this incident, three

of the plaintiffs (respondents herein) withdrew their claims for depression and anxiety. NTL persisted in its demand for these records from respondents, and now appeals the IAS Court's denial of its cross motion to compel such disclosure.

The discovery motion in question was supported by an affidavit of Dr. Ronald E. Gots, a physician specializing in environmental and occupational toxicology, who offered the unrebutted opinion, based on scientific literature, that "psychosocial factors are among the leading contributors to symptoms individuals associate with the indoor environment, since many of the symptoms are nonspecific and may either be physically based or emotionally based. To distinguish among the various possible causes, it is critical that a complete review of past medical information be undertaken. An important component of this review is an evaluation of all psychological and psychiatric records of individuals alleging health effects from indoor environmental sources."

Normally, a plaintiff cannot be compelled to disclose psychological, psychiatric or counseling records where there is no claim for emotional or psychological injury (*Valerio v Staten Is. Hosp.*, 220 AD2d 580), or aggravation of a preexisting emotional or mental condition (*Sternberger v Offen*, 138 AD2d 480), although symptoms such as "insomnia, irritability, fatigue and weight loss" may bear " 'a marked psychological or functional overlay' " (*Daniele v Long Is. Jewish-Hillside Med. Ctr.*, 74 AD2d 814). Despite respondents' efforts to avoid affirmatively placing their mental conditions in issue, they nonetheless continue to allege, in their respective bills of particulars, some or all of these symptoms as part of the injuries for which compensatory damages are sought.

In light of the expert witness' unrebutted statement, some limited exploration of psychological history is in order, although we would restrict that discovery to treatment dating only from the onset of the symptoms asserted to be causally related to the alleged workplace toxicity. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.