■ DANIELLE D'ECCLESIIS, Respondent, v GENO MANNA et al., Appellants, et al., Defendant. [735 NYS2d 618] —In an action to recover damages for medical malpractice, (1) the defendant Geno Manna appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 30, 2000, as, in effect, conditionally granted the plaintiff's motion to restore the action to the trial calendar and denied his cross motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 3404, and the defendant Barry J. Lefkowitz separately appeals from the same order, which, *inter alia*, denied his separate cross motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 3404 and 3126, and (2) the defendant Mercy Medical Center appeals, as limited by its brief, from so much of an order of the same court, dated August 7, 2000, as, in effect, conditionally granted the plaintiff's motion to restore the action to the trial calendar and denied its cross motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3404 and 3126.

Ordered that the appeal by the defendant Barry J. Lefkowitz from so much of the order dated June 30, 2000, as denied the cross motion of the defendant Geno Manna is dismissed, as that defendant is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the orders are reversed insofar as appealed from, on the law, the motion to restore the action to the trial calendar is denied, and the defendants' separate cross motions to dismiss the complaint insofar as asserted against them are granted; and it is further,

Ordered that the appellants are awarded one bill of costs.

This medical malpractice action was commenced on or about December 12, 1995. On April 22, 1998, the case was certified as ready for trial and on April 30, 1998, a note of issue and certificate of readiness were filed by the plaintiff. On April 13, 1999, the parties stipulated, *inter alia*, to mark the case "off" the trial calendar and the plaintiff agreed to provide expert disclosure prior to the restoration of the action to the trial calendar. On April 12, 2000, the plaintiff moved to restore the

action to the trial calendar accompanied by a purported response to the expert disclosure. The defendants separately cross-moved, *inter alia*, to dismiss the complaint insofar as asserted against them, respectively, for failure to disclose.

The Supreme Court, in effect, granted the plaintiff's motion to restore on condition that the plaintiff serve a complete expert disclosure and denied the cross motions. We reverse.

Pursuant to the parties' stipulation, the plaintiff was to provide expert disclosure *prior* to restoration to the trial calendar. The plaintiff, however, failed to serve a complete expert disclosure in conformity with that stipulation prior to seeking restoration.

Although this court has determined that a plaintiff seeking restoration of an action within one year of it being "marked off" need not demonstrate a reasonable excuse, a meritorious action, a lack of intent to abandon, and a lack of prejudice to the defendants (*see, Basetti v Nour,* 287 AD2d 126), that rule is inapplicable here since the plaintiffs failed to comply with the terms of the parties' stipulation concerning restoration. Accordingly, the plaintiffs' motion to restore the action to the trial calendar should not have been granted. Further, the trial court improvidently exercised its discretion in denying the defendants' cross motions in view of the plaintiffs' conduct in frustrating disclosure (*cf., Zletz v Wetanson,* 67 NY2d 711; *Cutolo v Khalife,* 242 AD2d 661; *Kubacka v Town of N. Hempstead,* 240 AD2d 374). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.