■ Itobore Johnson et al., Respondents, v Samuel Rivera et al., Appellants. [781 NYS2d 22]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about December 18, 2003, which granted plaintiff's motion to restore the action to the trial calendar upon condition that he pay defendants' attorney's reasonable expenses in preparing for a previously "aborted" trial, unanimously affirmed, without costs.

The transcript of the conference held after a jury was selected shows that plaintiff's attorney, unable to explain his client's absence, requested that the case be marked off the trial calendar with the option of restoring the case to the calendar within a year. The defense stated that it had no objection, and the trial court "discontinued" the action. Approximately six weeks later, plaintiff's counsel moved for an order marking the status of the action as "active" and restoring it to the calendar. Defendants opposed the motion on the ground that the parties had stipulated to discontinue the action. The trial court granted plaintiff's motion to restore noting that plaintiff's counsel "clearly intended only to mark the case off calendar and to restore it as soon as plaintiff could be located." The court, being in the best position to do so, also clarified that this was its understanding despite the use of some inappropriate language which indicates—only if taken out of context—that the court had so-ordered a stipulation of discontinuance.

We strongly disapprove of and, indeed, discourage the practice of picking a jury *before* requesting that a case be marked off the calendar. However, the defense stated it had no objection to marking off the case. Therefore, plaintiff only had to request

restoration within a year (*see* CPLR 3404) "without any obstacles to hurdle" (*Basetti v Nour*, 287 AD2d 126, 134 [2001]).

We have considered and rejected defendants' other arguments. Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.