■ DOREEN VELKAS et al., Appellants, v BARRY H. KAPLAN, Respondent. [792 NYS2d 144]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), dated October 16, 2003, which, upon an order of the same court dated October 25, 2002, inter alia, granting that branch of the defendant's motion which was to dismiss the complaint and denying their cross motion, in effect, to vacate their default in complying with certain conditions of a prior order of the same court dated May 7, 2002, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

This medical malpractice action was marked "off" the trial calendar on June 25, 2001, and the note of issue was vacated upon the plaintiffs' failure to proceed with trial. By order dated May 7, 2002, the Supreme Court granted the plaintiffs' motion to restore the action to the trial calendar upon condition that they serve and file a note of issue and pay the requisite fee by July 6, 2002. On or about August 15, 2002, the defendant moved, inter alia, to dismiss the complaint for failure to comply with the court's order. By notice of cross motion dated September 10, 2002, the plaintiffs cross-moved to reinstate the note of issue and restore the action to the trial calendar. The Supreme Court denied the plaintiffs' cross motion and granted that branch of the defendant's motion which was to dismiss the complaint.

Contrary to the plaintiffs' contention, the Supreme Court's order dated May 7, 2002, which imposed conditions upon the granting of their motion to restore the action to the trial calendar was proper, since the note of issue had been vacated and definite conditions for restoration were imposed at the time the action was marked "off" the trial calendar (*see D'Ecclesiis v Manna,* 289 AD2d 522 [2001]; *cf. Small v New York City Health & Hosps. Corp.,* 306 AD2d 269 [2003]). Furthermore, the plaintiffs were required to comply with these conditions within the specified period of time or lose the benefit of the order (*see CBJ Props. v Magid,* 167 AD2d 215 [1990]; *Lyons v Butler,* 134 AD2d 576 [1987]). Since the plaintiffs failed to comply with the conditions within the time period specified, they were required to demonstrate a reasonable excuse for their failure to comply and a meritorious cause of action (*see Rosado v Ward Trucking Co.,* 186 AD2d 3 [1992]; *Lyons v Butler, supra*). The plaintiffs did neither. Accordingly, the Supreme Court providently exercised its discretion in refusing to relieve the plaintiffs of their default and in dismissing the complaint. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.