■ ZHI FANG SHI, Respondent, v EDWIN SANCHEZ et al., Respondents. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Nonparty Appellant. [828 NYS2d 339]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 20, 2005, which denied, as "untimely," nonparty Motor Vehicle Accident Indemnification Corporation's (MVAIC) motion to renew and/or reargue its prior motion to vacate an order, entered June 7, 2004, granting, as "unopposed," plaintiff's motion for leave to commence an action against MVAIC, unanimously reversed, on the law, without costs, and the matter remanded for reconsideration of MVAIC's motion on the merits.

While MVAIC's second motion challenging the motion court's claimed oversight of MVAIC's opposition to plaintiff's motion for leave to sue MVAIC was properly deemed by the motion court as one to reargue MVAIC's first motion challenging the claimed oversight, the motion court erred in concluding that the second motion was untimely. When MVAIC made the second motion, the order rendered on its first motion had not yet been served with notice of entry. Therefore, the time to appeal the first order had not yet run, and the second motion was timely (see Luming Café v Birman, 125 AD2d 180 [1986]). Accordingly, we remand for consideration of MVAIC's motion to reargue on the merits (see id.). Concur—Mazzarelli, J.P., Buckley, Gonzalez, Sweeny and Catterson, JJ.