■ EDDIE GARCIA, Appellant, v CITY OF NEW YORK et al., Respondents. [900 NYS2d 17]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 22, 2009, dismissing the complaint, affirmed, without costs. Appeal from order, same court and Justice, entered June 10, 2008, which denied plaintiff's motion to renew his motion to restore the action to the trial calendar, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, who seeks damages in connection with alleged police misconduct, filed his note of issue in 1996. A pretrial conference was scheduled for July 20, 1998. Plaintiff asserts that his at-

torneys never received notice of the conference and failed to appear for it. As a result, the court struck the case from the trial calendar. On July 13, 1999, plaintiff moved by order to show cause to restore the case to the calendar. Defendant did not oppose the motion. On August 18, 1999, the court denied the motion because the papers submitted to the court apparently did not contain a copy of proof of service on defendants. However, the denial was made "with leave to renew upon proper papers."

Plaintiff claims that his attorneys never received the order provisionally denying his motion to restore. Nevertheless, plaintiff and his attorneys apparently made no effort to follow up on the status of the motion. Rather, they allowed over eight years to elapse. Then, on November 7, 2007, they moved to renew the original motion pursuant to the "leave" granted in the order of August 18, 1999. The court denied the motion. It applied the standard applicable when a plaintiff, having had its complaint marked off the trial calendar, fails, pursuant to CPLR 3404, to restore the case within one year from its striking. Under such circumstances, the court held, the plaintiff must establish that the action has merit; that a reasonable excuse exists for the delay in restoring the case; that there was no intent to abandon the action; and that the defendant has suffered no prejudice. The motion court held that plaintiff failed to satisfy this standard.

Plaintiff argues that the court erred by treating his application to restore as having been made more than one year after the action was marked off. He claims that the court should have focused not on the "renewal" motion made in 2007, but rather on the original motion made in 1999, which unquestionably was made within the one-year period allowed by CPLR 3404. Plaintiff's foundation for this contention is that, because the original order denying his motion to restore contained no deadline by which he was required to "renew upon proper papers," his time to do so did not begin to run until 30 days after he or defendant served a copy of that order with notice of entry. Since no notice of entry was ever served, plaintiff contends, his time to renew never began to run. Plaintiff also relies on cases where a party successfully moved to reargue or renew an order (*Zhi Fang Shi v Sanchez*, 36 AD3d 486 [2007]), or appeal it (*Nagin v Long Is. Sav. Bank*, 94 AD2d 710 [1983]), more than 30 days after the order was issued, because it was never served with notice of entry.

Plaintiff's arguments are without merit. While a party's time to move to renew or reargue an order pursuant to CPLR 2221 does not begin to run until it is served with notice of entry of

the order (*see Luming Cafe v Birman*, 125 AD2d 180 [1986]), the application which plaintiff made in 2007 was not such a motion. Plaintiff's motion was not "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d] [2]). Nor was it "based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). Rather, the 2007 motion was an attempt to correct an error in the 1999 papers for which plaintiff admits he was responsible. The CPLR has no clear rule to apply to the situation where a plaintiff makes a timely motion to restore pursuant to CPLR 3404, but is instructed by the court, after the one-year deadline has passed, to resubmit the papers. However, it is clear that the plaintiff in this situation should have to act diligently to timely rectify his or her error.

Here, plaintiff does not state when he first realized that the 1999 motion to restore had been denied. Even if we were to assume that plaintiff only learned of the 1999 denial shortly before he made his motion to renew in 2007, that is not sufficient. Clearly, plaintiff had a duty to inquire into the status of the 1999 motion. Instead, he sat on his hands for eight years, and offers no explanation as to why he waited so long. Accordingly, the 2007 motion was barred by the doctrine of laches (*see Feldman v New York City Tr. Auth.*, 171 AD2d 473, 474 [1991]). Plaintiff's reliance on *Maragos v Getty Petroleum Corp.* (303 AD2d 652 [2003]), is unavailing. In that case, the timely motion to restore was denied with leave to renew after the expiration of a 30-day stay imposed upon the withdrawal of plaintiffs' counsel. Supreme Court denied the renewed motion, as it was made over one year after the action was initially marked off. The Second Department reversed, because the plaintiffs "complied with the Supreme Court's order and *promptly* moved to restore the action upon the expiration of the 30-day stay" (303 AD2d at 653 [emphasis supplied]). Here, the renewed motion was not prompt.

The dissent's position is based on the assumption that, with respect to the disposition of the motion to restore, defendant was the "prevailing party." That assumption is inaccurate, as demonstrated by the holding in *Lyons v Butler* (134 AD2d 576 [1987]). In that case, the defendants moved to dismiss the complaint for failure to prosecute and the plaintiffs cross-moved for additional time to file a reply to counterclaims and to complete discovery. The court denied the main motion and granted the plaintiffs' cross motion on the condition that the plaintiffs meet certain deadlines. The plaintiffs failed to comply with the order, and later moved to cure their default. The

plaintiffs claimed that they never learned of the order and that they had no obligation to comply with it until they were served with a copy of it by the defendants. The Second Department affirmed the denial of plaintiffs' motion, stating: "Where the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve it on the adverse party. However, service of an order on a successful moving party is not necessary since such party is chargeable with knowledge of the order. Consequently, when an order grants the requested relief to a party upon compliance with a condition, such party must at his peril take notice of the order without waiting to be served with a copy of it and must comply with the terms within the proper time or lose the benefit of the order" (134 AD2d at 577 [citations omitted]).

The only distinction between *Lyons* and the instant case is that here plaintiff's motion was conditionally "denied" whereas the motion in *Lyons* was conditionally granted. This is a distinction without a difference. As plaintiff states, and defendant does not dispute, the original motion to restore was but a formality, as it was brought within one year of the striking of the case from the trial calendar (*see Johnson v Rivera*, 10 AD3d 288, 289 [2004]). Moreover, it was unopposed, a fact noted by the court in its decision denying the 1999 motion. By denying the motion without prejudice, the court effectively signaled to plaintiff that the motion would be granted if he simply filed an affidavit of service. Indeed, because plaintiff was seeking to have the case restored as of right, he had every reason to rectify his error and comply with the order. Of course, the City could have ensured that plaintiff had notice of the order by serving a copy on him. However, by failing to "take notice of the order without waiting to be served with a copy of it," plaintiff "los[t] the benefit of" it (*Lyons*, 134 AD2d at 577).

Under these circumstances, to deem plaintiff's 2007 motion as relating back, for timeliness purposes, to the 1999 motion to restore, would be improper. Accordingly, the motion court appropriately applied the standard used where a motion to restore is made more than one year after a case is marked off the calendar. Since plaintiff failed to show a lack of intent to abandon the action and a reasonable excuse for his delay, the 2007 motion was properly denied (*see Katz v Robinson Silverman Pearce Aronsohn & Berman*, 277 AD2d 70, 74 [2000]). Concur—Mazzarelli, J.P., Andrias and Catterson, JJ.

Saxe and Acosta, JJ., dissent in a memorandum by Acosta, J., as follows: Since plaintiff's motion to renew was timely, and

since defendants concede that plaintiff offered a valid excuse for not appearing at the pretrial conference, the motion to renew should have been granted and the action restored to the calendar. Accordingly, I respectfully dissent.

Plaintiff alleges that in 1991 he was falsely arrested and assaulted by police officers in front of 562 West 175th Street. According to plaintiff, he was so severely beaten by police officers that he sustained fractures to his left arm and head and face injuries. Discovery was taken and, in 1996, plaintiff filed a notice of issue.

It is undisputed that after plaintiff filed his note of issue, the matter was scheduled for a pretrial conference on July 20, 1998. Plaintiff, who alleges that he was never given notice of the conference (an allegation which defendant does not dispute), did not appear and the action was dismissed. Neither party ever served this order with notice of entry.

By order to show cause, dated July 13, 1999—less than one year after the action was dismissed—plaintiff moved to vacate the dismissal and restore the action to the trial calender. The order to show cause was unopposed by defendants.

By order dated August 18, 1999, the application was denied without prejudice and with leave to renew upon proper papers "including proof of service of the Order to Show Cause and supporting papers." Significantly, defendants have never disputed that the order to show cause was served by certified mail or that it was received. Again, neither party served this order with notice of entry.

On November 7, 2007, some eight years later, plaintiff moved to renew the application to restore the action, arguing that the renewal motion was timely since the August 18, 1999 order denying his order to show cause had not been served with notice of entry. On June 4, 2008, Supreme Court denied plaintiff's motion to renew finding that plaintiff "is taking advantage of the fact that, as the moving party, he never entered the above order," and applied the standard put forth in CPLR 3404 for actions marked off the calendar and not restored within one year. In so doing, the court also found that plaintiff had failed to rebut the presumption of abandonment of the action as mandated by the statute. Plaintiff timely filed a notice of appeal from that order, and a judgment dismissing the complaint was entered on April 22, 2009.

Plaintiff argues on appeal that because no party was ever served with notice of entry of the order denying his motion to

restore, his time for bringing his application to renew[1] his motion to restore never began to run and is therefore timely. Defendant City never directly addresses this argument. Rather, it argues that as plaintiff's motion to renew was made some eight years after the application to restore was denied, he must satisfy the four-step test laid out in CPLR 3404. I disagree.[2]

Initially, it was error for Supreme Court to deny plaintiff's motion to restore the action to the calendar. Plaintiff's motion was made within a year after it was dismissed from the calendar, and as such, "plaintiff only had to request restoration . . . without any obstacles to hurdle" (*Johnson v Rivera*, 10 AD3d 288, 288-289 [2004] [internal quotation marks and citations omitted]; *see also Basetti v Nour*, 287 AD2d 126, 135 [2001] ["the plaintiffs needed only to request the restoration within one year of the 'off' marking"]).

While it is odd that plaintiff would wait some eight years before moving to restore his action, I believe based on the facts of this case he is entitled to do so. It was error for Supreme Court to deem plaintiff's action as one marked off the calendar and not restored within one year. Despite the time lag, plaintiff's time to renew his first application had not begun to run. That is, no notice of entry was ever served (*see Zhi Fang Shi v Sanchez*, 36 AD3d 486 [2007] [first motion order was not served with notice of entry, and as such the time to appeal the first order had not yet run, and the second motion was timely]; *see also* CPLR 5513 [a] ["An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof"]).

I do not believe that it was plaintiff's burden to serve the order with notice of entry. In fact, it is often the prevailing party that is expected to serve an order with notice of entry. "The time to take an appeal of right is 30 days. The period starts

---

**1.** Throughout his papers, plaintiff calls his motion a motion to renew. However, even plaintiff appears to acknowledge that he is subject to the time limitations of a motion to reargue. That is, that a motion to reargue must be brought within the same time period of a notice of appeal (30 days from service of notice of entry of the order).

**2.** As plaintiff's appeal is from a final judgment of dismissal, it brings up for review both the original 1998 order of dismissal and the 2008 order denying his application to renew his motion to restore. As such, both his motion to renew and his direct appeal are timely and must be considered on the merits. Contrary to the City's contention, this is not an appeal from a postjudgment order denying vacatur of a previously entered judgment.

when the winner (destined to be the respondent on the appeal) serves on the loser (the appellant) a copy of the objectionable judgment or order with notice of its entry" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:2, at 171; *see also Dobess Realty Corp. v City of New York*, 79 AD2d 348, 352 [1981], *appeal dismissed* 53 NY2d 1054 [1981], quoting *Fry v Bennett*, 16 How Prac 402 [1858] [the rule requiring service of an order by the prevailing party "enables the (losing) party to see and apprehend his precise condition in reference to the subject. And on the other hand, it leaves the prevailing party at full liberty to set the thirty days a running when he pleases, or to acquiesce in or allow an unlimited time within which to appeal, if he choose to do so"]). My position, however, is not based, as the majority suggests, on the assumption that defendant was the prevailing party. Rather, it is based on the fact that any party can serve the notice of entry, and it is then, and only then, that the clock begins to run. Accordingly, I would reverse.