█ Marvin Churchill, Respondent, v Mohammed Abdul Malek, Appellant. [922 NYS2d 341]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered March 24, 2010, which, upon reargument, vacated so much of an order, same court and Justice, dated October 30, 2009, as directed plaintiff to produce authorizations releasing his mental health and pharmaceutical records for an in camera review, unanimously affirmed, without costs.

Given that, in this personal injury action, there is no claim to recover damages for emotional or psychological injury (*see Valerio v Staten Is. Hosp.*, 220 AD2d 580 [1995]), or aggravation of a preexisting emotional or mental condition (*see Sternberger v Offen*, 138 AD2d 480 [1988]), plaintiff cannot be compelled to disclose confidential psychological or psychiatric records (*cf. Carr v 583-587 Broadway Assoc.*, 238 AD2d 184, 185 [1997]). Defendant's unsubstantiated claim that plaintiff's mental illness might have caused the accident is insufficient to warrant mental health disclosure (*see Zimmer v Cathedral School of St. Mary & St. Paul*, 204 AD2d 538, 539 [1994]).

Defendant's argument that plaintiff is bound by prior stipulations is unavailing, since both documents were clearly denominated as orders. Equally unavailing is defendant's contention that plaintiff's motion to reargue was untimely. The prior order was never served with notice of entry; therefore, the 30-day period set forth in CPLR 2221 (d) (3) has not been triggered (*see Zhi Fang Shi v Sanchez*, 36 AD3d 486 [2007]). Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.