■ Sam A. Lamagna, Respondent, v. New York State Association for the Help of Retarded Children, Inc., et al., Appellants. [635 NYS2d 98] —In an action to recover damages for the wrongful termination of the plaintiff's employment, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated July 18, 1994, which granted their motion pursuant to CPLR 3126, only to the extent of precluding the plaintiff from introducing into evidence certain tape recordings.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion by declining to dismiss the plaintiff's remaining causes of action (see, Lamagna v New York State Assn. for Help of Retarded Children, 158 AD2d 588) pursuant to CPLR 3126 due to the plaintiff's belated disclosure of certain tape recordings of conversations with potential witnesses. Even assuming that the plaintiff's proffered excuse for his belated disclosure was inadequate, the plaintiff disclosed the tape recordings two months prior to the defendants' motion pursuant to CPLR 3126, and the defendants have failed to point to anything in the tape recordings that might have prejudiced their defense of the plaintiff's claims (see, Lamagna v New York State Assn. for Help of Retarded Children, 205 AD2d 594). The plaintiff contends that the tape recordings are not relevant to the pending issues, and the defendants have not shown otherwise. Accordingly, given the

trial court's broad discretion to oversee the discovery process and to impose appropriate sanctions (*see, Eagle Star Ins. Co. v Behar*, 207 AD2d 326; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579), we are satisfied that the Supreme Court properly exercised its discretion by not imposing a more severe sanction than precluding the plaintiff from introducing the tape recordings at trial.

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.