■ Joanne Cohen et al., Appellants, v Maimonides Medical Center et al., Respondents. [702 NYS2d 615] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Levine, J.), dated May 26, 1998, which denied their motion to strike the defendants' respective answers for failure to comply with a notice of oral deposition or to schedule a discovery conference, (2) so much of an order of the same court, dated May 29, 1998, as, upon granting that branch of their motion which was for reargument of those branches of the motion of

the defendants Maimonides Medical Center, MRA Imaging Associated, Steven Farber, Steven Farber, M.D., P. C., and Howard Weinstein which were for summary judgment dismissing the causes of action asserted on behalf of the plaintiffs Joanne Cohen and Allen Cohen, individually, against those defendants, adhered to its original determination in an order dated January 5, 1998, dismissing the third, fourth, fifth, sixth, and seventh causes of action as time-barred insofar as they are asserted against those defendants, and directed dismissal of the action in the event the plaintiffs failed to complete outstanding discovery within 90 days of the service upon them of the order dated January 5, 1998, and (3) a judgment of the same court, entered June 29, 1998, in favor of the defendants and against them dismissing the action in its entirety pursuant to the self-executing provisions in the order dated January 5, 1998.

Ordered that the appeals from the orders dated May 26, 1998, and May 29, 1998, are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the first and second decretal paragraphs thereof, and (2) deleting from the third decretal paragraph thereof the words "dismissing this action" and substituting therefor the word "dismissing the third, fourth, fifth, sixth, and seventh causes of action insofar as it is asserted against them"; as so modified, the judgment is affirmed; and it is further,

Ordered that the orders dated May 26, 1998, and May 29, 1998, are modified accordingly; and it is further,

Ordered that that branch of the plaintiffs' motion which was to schedule a discovery conference is granted, and the matter is remitted to the Supreme Court, Kings County, to schedule a discovery conference; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendants appearing separately and filing separate briefs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

By order dated January 5, 1998, the Supreme Court granted those branches of the motions of the defendants Maimonides Medical Center (hereinafter Maimonides), Community Radiology Associates, P. C., and Kings Plaza Radiology Associates, P. C. (hereinafter referred to collectively as CRA), MRA Imag-

ing Associates (hereinafter MRA), Alfred Tanz, Alfred Tanz, M.D., P. C., Steven Farber, Howard Weinstein, and Steven Farber, M.D., P. C., which were for summary judgment dismissing the causes of action asserted on behalf of the plaintiffs Joanne Cohen and Allen Cohen, individually, against all of the defendants as time-barred, and directing the dismissal of the infant plaintiff's causes of action in the event the plaintiffs failed to "complete outstanding discovery within ninety (90) days of service of a copy of this order with notice of entry". The plaintiffs were served with the order dated January 5, 1998, on March 9, 1998. By notice of motion dated April 9, 1998, the plaintiffs moved for reargument with respect to the dismissal of the causes of action asserted by the plaintiffs Joanne Cohen and Allen Cohen against Maimonides, MRA, Dr. Farber, Dr. Weinstein, and Steven Farber, M.D., P. C., and served a notice of oral depositions. When the defendants refused to comply with the notice of oral depositions, the plaintiff moved to strike their answers, or to schedule a discovery conference. That motion was denied by order dated May 26, 1998. By order dated May 29, 1998, the court granted that branch of the plaintiffs' motion which was for reargument, but adhered to the original determination in the order dated January 5, 1998. By judgment entered June 29, 1998, the action was dismissed against all the defendants pursuant to the self-executing provisions of the order dated January 5, 1998.

The plaintiffs were unable to complete discovery within 90 days of March 9, 1998, the date they were served with the order dated January 5, 1998, because the defendants did not comply with their notice of oral examination on the ground that it was improper, and refused to complete discovery. The plaintiffs promptly moved to insure that discovery was completed. The Supreme Court should have scheduled a discovery conference and directed that depositions be held promptly.

The third, fourth, fifth, sixth, and seventh causes of action were improperly dismissed as time-barred against Maimonides, Dr. Farber, Dr. Weinstein, and Steven Farber, M.D., P. C. Those defendants did not assert the Statute of Limitations as a defense either in their answer or in their motion for summary judgment. Further, those causes of action were improperly dismissed as time-barred against MRA, since the action against it was commenced on December 23, 1991, within the two-and one-half year Statute of Limitations (see, CPLR 214-a). However, we agree with the Supreme Court that those causes of action are time-barred with respect to the defendants CRA,

Dr. Tanz, and Alfred Tanz, M.D., P. C. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.