■ ANTOINETTE PEYCKE et al., Respondents, v TOWNE BUS CORP. et al., Appellants. [714 NYS2d 299] —In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 25, 1999, which granted the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer for failure to appear at examinations before trial in violation of a preliminary conference order, and (2), as limited by their brief, from so much of an order of the same court, dated February 28, 2000, as denied their motion for reargument of the plaintiffs' prior motion.

Ordered that the appeal from the order dated February 28, 2000, is dismissed, without costs or disbursement, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 25, 1999, is reversed, as a matter of discretion, without costs or disbursements, and the motion is denied on condition that within 30 days after service upon them of a copy of this decision and order with notice of entry, the defendants pay the plaintiffs the sum of $750 and the defendants appear for an examination before trial at a time and place to be fixed in a written notice of not less than 10 days, or at such time and place as the parties shall agree; in the event that the defendants do not comply with the conditions, the order is affirmed, with costs.

The defendants did not have the right to unilaterally ad-

journ their court-ordered depositions, and their failure to appear as ordered was thus willful. Nevertheless, under the circumstances presented, including the fact that the defendants had not received all relevant medical records pursuant to their outstanding authorized demands, the Supreme Court improvidently exercised its discretion in striking their answer instead of imposing a less drastic sanction to insure disclosure (*see, Askinazy v Jacobson,* 40 AD2d 860; *see also, Cohen v Maimonides Med. Ctr.,* 268 AD2d 550; *Cruzatti v St. Mary's Hosp.,* 193 AD2d 579; *cf., Flores v Bueno,* 246 AD2d 466).

The defendants' motion, characterized as one for renewal and reargument, was not based upon new facts which were unavailable to them at the time they opposed the plaintiffs' initial motion to strike their answer (*see, Bossio v Fiorillo,* 222 AD2d 476). Therefore, the motion, although denominated as one to renew and reargue, was really a motion to reargue, the denial of which is not appealable (*see, Sallusti v Jones,* 273 AD2d 293; *Okin v Board of Educ.,* 269 AD2d 435; *Bossio v Fiorillo, supra*). In any event, that appeal is academic in light of our determination reversing the order dated October 25, 1999. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.