■ MANUEL VALENTIN et al., Appellants, v C.G. BRETTING, MFG., Co., INC., Defendant and Third-Party Plaintiff-Respondent. AMERICAN TISSUE CORPORATION, Third-Party Defendant-Respondent. [717 NYS2d 281] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered October 28, 1999, as granted the defendant's motion for summary judgment dismissing the complaint, and (2) from an order of the same court, entered March 29, 2000, which denied their motion, denominated as one for renewal and reargument, but which was, in effect, for reargument.

Ordered that the appeal from the order entered March 29, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered October 28, 1999, is reversed insofar as appealed from, on the law, the defendant's motion is denied, and the complaint and third-party complaint are reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Four or five days before he was injured, the plaintiff Manuel Valentin was hired by the third-party defendant American Tissue Corporation (hereinafter American) to work as a mechanic. On November 17, 1995, he was asked by American to adjust the breaker conveyor of a multi-fold towel interfolder, because the paper was not entering the machine properly. The machine was manufactured by the defendant C.G. Bretting, Mfg., Co., Inc. (hereinafter Bretting), which assisted American in the week-long start-up of the machine when American purchased it approximately five months before Valentin's accident.

When Valentin began the repairs, the machine was turned

off and, to make the requisite adjustment, he had to remove a plastic safety guard which covered the breaker conveyor. While the adjustment was being made, a machine operator, who was standing on the other side of the machine and was unable to see Valentin, turned the machine on, causing Valentin injury. Valentin commenced this action to recover damages from Bretting based on, among other things, negligence and strict product liability for design defect and failure to warn.

The Supreme Court determined that the removal of the safety guard constituted a material modification or substantial alteration, and the negligence of the co-worker, in effect, constituted a superseding cause of Valentin's injuries. Accordingly, the Supreme Court granted summary judgment to Bretting.

The evidence failed to demonstrate Bretting's entitlement to judgment as a matter of law based on its defenses of material modification or substantial alteration. Bretting's own representative testified that it was necessary to remove the guard to effectuate the repair. In addition, the unrebutted affidavit of Valentin's expert submitted in opposition to Bretting's motion for summary judgment demonstrated, *inter alia*, that a mechanic had no method of "locking out" power while making the repairs in the area where Valentin was located, even though Valentin asserted that such a device did exist on another part of the machine when the guard door in that location was lifted.

In light of this evidence, the plaintiffs raised an issue of fact as to whether the machine was reasonably safe as marketed for its intended use or "unintended but reasonably foreseeable purpose" (*Lugo v LJN Toys,* 75 NY2d 850, 852; *see, Tuesca v Rando Mach. Corp.,* 89 NY2d 966; *Lopez v Precision Papers,* 67 NY2d 871, 873; *Rios v Rockwell Intl. Corp.,* 268 AD2d 279). A jury could reasonably conclude that it was foreseeable that a machine operator might turn on the machine while repairs were being made without the safety guard in place, and that this act was not a superseding cause of the accident.

Although the Supreme Court did not specifically address Valentin's cause of action based on strict product liability for failure to warn, that cause of action should also be reinstated as there is an issue of fact as to whether Bretting had a duty to warn Valentin that the machine could be operated without the safety guard in place (*see, Liriano v Hobart Corp.,* 92 NY2d 232, 241; *Darsan v Guncalito Corp.,* 153 AD2d 868, 870).

The plaintiffs' motion, characterized as one for renewal and reargument, was not based upon new facts which were unavailable to them at the time they opposed the defendant's

initial motion for summary judgment (*see, Peycke v Towne Bus Corp.*, 276 AD2d 474; *Carbone v McDermott*, 276 AD2d 459). Therefore, the motion, although denominated as one to "renew and reargue," was really a motion to reargue, the denial of which is not appealable (*see, Peycke v Towne Bus Corp., supra*; *Carbone v McDermott, supra*). Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.