(August 19, 2002)

■ MICHAEL CARELLA et al., Plaintiffs, v REILLY & ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. ITALIANO BROTHERS DRYWALL AND STUCCO, INC., Third-Party Defendant-Appellant. [746 NYS2d 315]

The Supreme Court providently exercised its discretion in imposing costs in the sum of $1,500 against the third-party defendant, Italiano Brothers Drywall and Stucco, Inc. (hereinafter Italiano Brothers), for its failure to timely comply with court-ordered discovery and the discovery demands of the defendants third-party plaintiffs, Reilly & Associates and Joseph E. Reilly, Jr. (hereinafter Reilly) (*see Matter of Gaye,* 285 AD2d 465; *Heffney v Brookdale Hosp. Ctr.* 102 AD2d 842).

The Supreme Court improvidently exercised its discretion, however, in striking Italiano Brothers' answer for its failure to comply with the order directing it to pay the sanction. Italiano Brothers had substantially, albeit tardily, complied with the Reilly discovery demands, with the exception of the inspection of a scaffold, which was not a basis for Reilly's motion to strike the third-party answer. This belated compliance, while deserving of the monetary sanction imposed in the prior order of the Supreme Court, undermines the Supreme Court's finding that Italiano Brothers engaged in willful and contumacious conduct.

Moreover, striking the third-party answer duplicates the discovery sanction previously imposed directing Italiano Brothers to pay Reilly's costs up to a modest $1,500. Although the failure to pay the $1,500 costs may have been willful, a remedy short of striking the third-party answer was available. The Supreme Court should have directed entry of judgment in that amount in favor of Reilly and against Italiano Brothers (*see* 22 NYCRR 130-1.2). In light of the clear preference for deciding cases on the merits (*see Halali v Evanston Ins. Co.,* 288 AD2d 260, 262), and in view of Italiano Brothers' allegation of a potentially meritorious defense of the lack of a "grave injury" as defined in Workers Compensation Law § 11 (*see Meis v ELO Org.,* 97 NY2d 714), the appropriate penalty for the failure to timely pay the $1,500 costs should not include striking the third-party answer under the circumstances of this case. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.