■ CONCORDIA GENERAL CONTRACTING COMPANY, INC., Appellant, v GEORGE ROBERTA et al., Respondents. [771 NYS2d 727]—

In an action to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated November 4, 2002, which dismissed the complaint with prejudice, and (2), as limited by its brief, from so much of an order of the same court entered December 13, 2002, as upon, in effect, granting its motion denominated as one for leave to renew, which was, in effect, one for leave to reargue, adhered to the original determination.

Ordered that the appeal from the order dated November 4, 2002, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]), and in any event, the order was superseded by the order entered December 13, 2002; and it is further,

Ordered that the order entered December 13, 2002, is reversed insofar as appealed from, on the facts and as a matter of discretion, upon reargument, the order dated November 4, 2002, is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings; and it is further,

Ordered that the one bill of costs is awarded to the plaintiff.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" is a matter within the discretion of the Supreme Court (*see* CPLR 3126; *Nowak v Veira,* 289 AD2d 383 [2001]). However, to invoke the drastic remedy of striking a pleading, the Supreme Court must determine that the failure to comply with discovery was willful, deliberate, and contumacious (*see Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]).

The plaintiff's principal and his attorney appeared for a deposition on three separate occasions at the office of the defendants' attorney, for a total of over 11 hours. In addition, the plaintiff responded to the defendants' notice for discovery and inspection and served a bill of particulars in accordance with a discovery order. Accordingly, the Supreme Court improvidently exercised its discretion in dismissing the complaint (*see Byrne v City of New York,* 301 AD2d 489 [2003]; *Carella v Reilly & Assoc.,* 297 AD2d 326 [2002]; *Olmoz v Town of Fishkill, supra*).

The plaintiff's remaining contention has been rendered academic in light of our determination. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.