■ DEBRA A. HALLERAN et al., Respondents, v GEETA NARULA et al., Appellants, et al., Defendant. [775 NYS2d 187]—In an action to recover damages for medical malpractice, etc., the defendants Geeta Narula, Sydney Wain, and Farhad Talebian appeal, and the defendants Paul Byrne and Winthrop University Hospital separately appeal, from an order of the Supreme Court, Nassau County (Segal, J.), dated November 21, 2002, which granted their separate motions to dismiss the complaint pursuant to CPLR 3216 only to the extent of conditionally dismissing the complaint in the event that all remaining discovery was not completed by January 8, 2003, and directing the plaintiffs' attorney to pay a monetary sanction to each defendant.

Ordered that the appeal by the defendant Winthrop University Hospital is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellants appearing separately and filing separate briefs.

The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Concordia Gen. Contr. Co. v Roberta,* 4 AD3d 494 [2004]; *Robinson v Pediatric Assoc. of Irwin Ave.,* 307 AD2d 1029 [2003]; *Riley v ISS Intl. Serv. Sys.,* 304 AD2d 637 [2003]; *Kingsley v Kantor,* 265 AD2d 529 [1999]). In addition, contrary to the appellants' contentions, the Supreme Court providently exercised its discretion conditionally dismissing the complaint, and affording the plaintiffs an additional opportunity to complete discovery, inter alia, by conducting depositions of the appellant physicians (*see Robinson v Pediatric Assoc. of Irwin Ave., supra; Carella v Reilly & As-*

*soc.,* 297 AD2d 326 [2002]; *Peycke v Towne Bus Corp.,* 276 AD2d 474 [2000]; *Lamagna v New York State Assn. for Help of Retarded Children,* 222 AD2d 559 [1995]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.